[Mobile Improvement & Building Co. v. Stein.]

# Mobile Improvement & Building Co. v. Stein.

## Forcible Entry and Detainer.

(Decided Nov. 26, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 368.)

*Appeal and Error; Record; Necessity of Separate Transcripts and Separate Appeals.*—Where a verdict was rendered for the defendant in each case and plaintiff appealed and brought up the six judgments in a single transcript, although the citation of appeal recited the trial of the cases, the judgment for defendant, and the application by and allowance of an appeal to plaintiff in each case, an agreement by the parties that the six separate actions involving the same facts should be tried at the same time before the same jury, and that a separate verdict should be rendered in each case, and that all exceptions taken should be considered as taken in each case, as far as possible, and if a similar verdict is rendered in each case, the losing party might appeal all the cases in one transcript and on one bill of exceptions, so that all questions could be considered so far as possible on one appeal, did not amount to a consolidation of the actions, and the parties could not stipulate to bring up the six judgments in one transcript, a separate transcript being essential to each appeal; the result is that the appeal will be dismissed.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

The Mobile Improvement & Building Company sued Louis Stein in six actions of forcible entry and detainer. From a judgment for defendant in each action, this single appeal is prosecuted. Appeal dismissed.

SHELTON SIMS, and J. H. WEBB, for appellant. Counsel discuss questions raised by the assignments of error with citation of authority, but do not discuss the question decided.

L. H. & E. W. FAITH, for appellee. Counsel insist that the court cannot entertain such an appeal as is presented by this record.—*Shranton, et al. v. Ballard,* 64 Ala.

402; *Chapman v. Taylor,* 55 N. E. 1003. Counsel discuss the assignments of error with citation of authority but it is not deemed necessary to set them out.

DENSON, J.—The plaintiff (appellant) brought six several actions of forcible entry and detainer against the same defendant to recover as many distinct parcels of land. In accordance with sections 2147-2149 of the Code of 1896, on the application of the defendant all of said causes were removed into the circuit court. In that court they were numbered 11,488, 11,489, 11,490, 11,491, 11,492, and 11,493, respectively. Verdict and judgment were rendered in each of said causes for the defendant. The plaintiff has appealed, and presents all of said judgments for review in a single transcript.

The point is here made by the appellee "that neither the law nor the practice in this court allows of this court's entertaining an appeal such as is presented by this record." In other words, it is insisted that six different causes cannot be presented for review in one transcript. The record fails to disclose that the actions were consolidated in the circuit court, as might have been done according to section 3318 of the Code of 1896, in which event only one judgment would have been rendered. The bill of exceptions, however, contains the following recitals: "Case 11,488 was called for trial, and there being five other cases, numbered, respectively 11,489, 11,490, 11,491, 11,492, and 11,493, between the same parties set for the same day, said six cases being for certain lots in six separate squares of land, and the facts in each case being practically the same, the attorneys of record for the parties to said suit agreed in open court, which said agreement was afterwards reduced to writing, signed by said attorneys of record for the parties, and filed in open court, that all of said cases should be tried at the same time before the same jury, and that

said jury should render a separate verdict in each case; that all exceptions taken, as far as practicable, be considered as taken in each case, and that, in case of a similar verdict being rendered in each of said cases, the losing party might take all of said cases to the Supreme Court in one transcript and on one bill of exceptions, made so as to cover all of said cases; and that the successful party in said suits should have the privilege, in case of an appeal to the Supreme Court, of cross-assigning errors, so that all questions liable to arise on the subsequent trial of said cases might be settled as far as possible on one appeal." The citation of appeal reads: "Whereas, at a term of the circuit court of Mobile county held on the fourth Monday after the fourth Monday in March, 1906, in those certain causes numbered 11,488, 11,489, 11,490, 11,491, 11,492, and 11,493, in said court wherein Mobile Improvement & Building Company was plaintiff and Louis Stein was defendant, a judgment was rendered against said Mobile Improvement & Building Company, and to reverse this judgment the said Mobile Improvement & Building Company has on this day applied for and obtained from this office on appeal returnable to the present term of the Supreme Court," etc. The bond for costs and the certificate of appeal, in respect to the recitals, are in keeping with the foregoing recitals of the citation.

In *De Sylva v. Henry,* 4 Stew. & P. 409, two suits had been brought by the plaintiff against the defendant before a justice of the peace; judgment in each case being awarded by the justice in favor of plaintiff. An appeal was taken in each case to the circuit court. The judgment of the justice of the peace was reversed in both cases, and judgment given for the defendant. There was no order for a consolidation of the two suits, but the two were disposed of in the circuit court severally. The

plaintiff embraced both cases in one writ of error, and brought both judgments to this court for review. In disposing of the case this court said: "Perhaps, on motion of the defendant, the circuit court would have consolidated the two suits. But surely it is not within the power of the plaintiffs in· error to do so by embracing them in one writ. The writ of error must be dismissed." —*Smith v. Hearne,* 2 Stew. 169. In *Scranton v. Ballard,* 64 Ala. 402, it was held that two distinct final judgments, each of which would support an appeal, could not be united in one appeal, with errors assigned on each. In *Cauley v. Pittsburg, etc., Co.,* 95 Pa. 398, 40 Am. Rep. 664, 666, two cases were embraced in a single writ of error. The court, speaking to this point, said: "We notice that one writ of error has been taken to the two cases. There is no authority for this. It is a practice that we will not encourage. Besides, the common wealth loses the tax upon one writ. There should have been a separate writ of error to bring up each case." The writ was quashed. · Elliott, in his work on Appellate Procedure, at section 197, says: "The rule that a transcript must cover one case and be complete in itself forbids that several cases should be included in the same transcript."—*Rich v. Starbuck,* 45 Ind. 310; *Roach v. Baker,* 145 Ind. 330, 43 N. E. 932, 44 N. E. 303; *Harris v. Harris,* 3 R. I. 538; *Hollohan v. McLean* (Pa.) 1 Wkly. Notec Cas. 262.—In 2 Cyc. p. 531, the law is stated thus: "Two separate and distinct causes, which have not been consolidated in the trial court, cannot be brought up for appellate review by one appeal or writ of error."

On. the foregoing authorities and considerations, it seems that the contention of the appellee should prevail, and the appeal be dismissed. This would be perfectly clear, but for the recitals in the bill of exceptions

in respect to the agreement of cocunsel. The question then, is: Can the general rule that two or more distinct causes cannot be presented for review in a single transcript be obviated or set aside by such an agreement? We think not. First, it is manifest that the agreement is not equivalent to statutory consolidation, for the reason that, when statutory consolidation is resorted to, only one judgment is rendered, and all questions presented for review on appeal relate to the one judgment; second, to encourage such agreements would be to unbridle litigants in the virtual establishment of rules of procedure in this court, and it may be readily seen that utmost confusion might follow such a practice. This may be readily demonstrated by an inspection of the present record. Other good reasons might be assigned for our conclusions, but we forbear.

It follows, from the foregoing, that the court cannot consider the errors assigned; and the appeal will be dismissed.

Appeal dismissed.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.