# Fulton v. The State.

## Violating Prohibition Law.

(Decided Jan. 11, 1911.  54 South. 165.)

*Appeal and Error; Transcript; Dismissal.*—An appeal must be dismissed where the transcript contains two indictments, two warrants, two appearance bonds and two bills of exceptions, as such transcripts are not authorized under the laws of this state; this is true notwithstanding the bill of exceptions recites that it was agreed that one jury should try both cases, but render separate verdicts, and that the exceptions and rulings should relate to each case as the same applied, and the facts confined to each case as the same applied, and in all things stand as a separate trial in each case, except that the same jury should try both cases.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

[Fulton v. The State.]

James Fulton was indicted under two separate indictments for violating the prohibition laws and brings the two judgments of conviction up in the same record. Appeal dismissed.

PINKNEY SCOTT, for appellant. Counsel discuss the assignments of error as shown by the record, and cites authority in support of his contention, but does not discuss the question decided.

ALEXANDER M. GARBER, Attorney General for the State. The Attorney General discusses the errors assigned, as shown by the record, with citation of authority to support his contention, but does not discuss the question decided.

McCLELLAN, J.—This single transcript contains two indictments, two warrants returned executed, two appearance bonds, and two judgments of conviction of this appellant. It is recited in the bill of exceptions: "On striking (and) qualifying the jury in the two cases pending against the defendant, numbered as cases Nos. 2,806 and 2,807, it was agreed in open court by the defendant and the solicitor for the state, and which agreement was sanctioned and assented to by the defendant's attorneys, that the one jury should try the two cases, should render separate verdicts in each case, and the exceptions and rulings should relate to each case as the same applied, and the facts should be confined to each case as the same applied, and in all things should stand as a separate trial in each case, except that the same jury should try both cases and render verdicts in each case accordingly." Upon the authority of *Mobile Improvement & Building Co. v. Stein*, 158 Ala. 113, 48 South. 368, this appeal must be dismissed.

Appeal dismissed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.