## Richmond

## COMMONWEALTH V. ROUND MOUNTAIN MINING AND MANUFACTURING CO.

### January 12, 1915.

1. APPEAL AND ERROR—*Several Judgments in Different Cases—A Single Writ of Error.*—Three several judgments, rendered in three different proceedings, commenced at different times, in which different defenses were made, and never consolidated before the judgments were rendered, though between the same parties, cannot be brought to this court by a single writ of error.

Error to judgment of the Corporation Court of the city of Radford.    Judgment for the plaintiff.    Defendant assigns error.

*Dismissed.*

The opinion states the case.

*Jno. Garland Pollard, Attorney-General,* and *Christopher B. Garnett, Assistant Attorney-General,* for the plaintiff in error.

*Jackson & Henson* and *A. A. Porterfield,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Round Mountain Mining and Manufacturing Company filed several notices in the Circuit Court of Bland county to correct assessments made upon its property for taxation.    Prior to and on the first day of January, 1910, it was the owner of 29,000 acres of land in Bland county, Vir-

ginia. By mistake the commissioner of the revenue for Bland county placed this tract of land on the land books of Bland county for the year 1910 twice. In one case the entry on the land books treated the land as non-mineral-bearing and assessed the value at the sum of $29,000. The other entry treated the land as mineral-bearing, and the surface was assessed at $29,000 and the mineral at $29,000.

The Round Mountain Mining and Manufacturing Company contended that this land was not mineral land; and that the entry of $29,000 valuation for the mineral was improper, and further contended that the land was assessed twice, thus making a double assessment for taxes of the same land for one year.

Prior to the first day of February, 1911, defendant in error gave notice to the Commonwealth's attorney and commissioner of the revenue, and subsequently gave notice to the land assessor, that it would at the next term of court move the Circuit Court of Bland county to correct these errors.

In the year 1911 the commissioner of revenue of Bland county assessed this land as mineral land, $29,000 for the surface and $29,000 for the minerals. Application was made to the Circuit Court of Bland county to correct this assessment, the company again contending that the land was not mineral land.

For the year 1912 the commissioner of revenue for Bland county made a similar assessment, and a like application was made to the circuit court for relief.

All these cases were afterwards removed to the corporation court of the city of Radford, and the court being of opinion that the defendant in error was entitled to relief, it rendered separate judgments in each of the three cases. The Commonwealth of Virginia obtained from the clerk of the corporation court of the city of Radford a transcript combining the record in the three cases into one, and on the

record of the cases thus combined petitioned this court for a writ of error, which was awarded by one of the judges— one writ of error to all three separate judgments complained of—and we are now confronted with a motion to dismiss the writ upon the ground that separate causes cannot be brought before this court for review by a single writ of error.

There is no doubt that all of these proceedings were separate cases. They were commenced at different times, removed to the corporation court of the city of Radford by separate orders, and the court rendered separate judgments in each case. Separate defenses were made to each notice, and the cases were not consolidated by the court below. Separate assignments of error are made—that is to say, the assignments of error in the case asking for relief as to the year 1910 are entirely different from the assignments of error made as to the application for relief for the year 1911, and no error is assigned as to the judgment of the court on the application for relief for the year 1912.

This precise question was before this court in the case of *Ayers* v. *Lewellin*, 3 Leigh (30 Va.) 609. In that case a surety having paid five several sums of money for his principal, brought five several motions in the county court of Bedford county and recovered several judgments for the debts. The circuit court, upon petition of Lewellin awarded one supersedeas to the five judgments, and held that the county court erred in rendering five separate judgments upon one notice. It thereupon reversed the judgments of the county court and rendered one judgment for Ayers against Lewellin for the debts. Ayers then applied to this court for a supersedeas to the judgment, which was allowed, and this court held that one supersedeas to five judgments, against the same parties, and upon claims of the like nature, though the question be the same in all the cases, is irregular and ought to be quashed as improvidently allowed,

and the judgment of the circuit court was thereupon reversed.

The case cited from 3 Leigh, *supra,* has never been called in question in this court, is conclusive of the case under consideration, is binding authority upon us, and seems to be fully in accord with the current of opinion elsewhere. See *Mobile Imp. & Bldg. Co.* v. *Stein,* 58 Ala. 113, 48 South. 368, 17 Ann. Cas. 289, and cases cited in note.

We are therefore of opinion that the writ of error in this case was improvidently awarded and must be dismissed.

*Writ dismissed.*