HAGLIN *v.* FRIEDMAN.

Opinion delivered May 17, 1915.

BILLS AND NOTES—FAILURE OF CONSIDERATION—RENEWAL.—The defense of failure of consideration is not available to one who, with knowledge of the failure of the consideration for the original note, thereafter executed a renewal note.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Geo. W. Dodd,* for appellant.

1. The defense of lack of consideration and fraud was not established. The burden was on defendant, for fraud is never presumed; it must be proven. 92 Ark. 509; 78 *Id.* 87; 77 *Id.* 355; 38 *Id.* 419. The note imports a consideration. Recovery is not defeated by mere inadequacy of consideration. 99 Ark. 238; 138 S. W. 457; 8 Ark. 131.

2. The consideration was proven. It need not pass to the maker of the note; it may pass from the payee to a third party. 40 Ark. 69. A benefit to the promisor or a detriment or loss to the promisee is sufficient. 9 Cyc. 308, and note 66; 7 *Id.* 691; *Ib.* 702, and cases, note; 25 Ala. 483; 33 Ind. 184; 22 N. H. 246.

3. The court erred in refusing instructions requested. A general instruction defining consideration was not sufficient. 98 Ark. 455; 131 S. W. 960; 80 Ark. 454; 84 *Id.* 74.

4. Forbearance in collection; extension of time for payment and renewal of a note are sufficient consideration, even where there was an original failure in part. 7 Cyc. 721; 89 Ark. 132; 115 S. W. 1141.

*Pryor & Miles,* for appellee.

1. The note was secured by fraudulent representations and it was void for lack of consideration. 97 Ark. 265.

2. The note was void and a renewal would not impart any consideration whatever. The question of estoppel and laches are equitable defenses. This was a suit at law.

3. The court properly instructed the jury. Their verdict is decisive of the questions of fact.

SMITH, J. Appellant was the plaintiff below, and sued appellee on a note executed by him to the order of appellant for the sum of $500. The note was dated March 12, 1912, and was payable six months after date. The execution of the note was admitted, but appellee alleged in his answer that its execution had been procured by fraud and that the note was void for lack of consideration. In support of these defenses appellee offered evidence to the effect that the Arkansas Valley Trust Company, as executor of the estate of one Dave Mayo, was selling the saloon and restaurant fixtures of the estate. The sale had been advertised and sealed bids invited, and appellee had put in a bid. The fixtures were located in a building owned by appellant, and there was an outstanding contract for the lease of this building between Mayo and appellant, and Mayo's executor was anxious to make a disposition of the fixtures, which would relieve the estate from liability on account of the lease. That appellant represented to appellee that he would use his influence with the executor of the Mayo estate to have appellee's bid accepted, and that he would consent for appellee to take an assignment of the lease upon the terms agreed upon in the contract for the lease made with Mayo, and that in consideration of this promise appellee executed the note sued on, whereas appellant had already agreed with the representative of the trust company for the substitution of appellee as a tenant, and further that the executor had opened the bids, and had ascertained that appellee's bid was the highest bid received, and that the trust company had already determined to accept appellee's bid.

There were several sharply drawn questions of fact in the case, but the verdict of the jury is decisive of those questions.

The transaction upon which the note was based took place in August, 1908, and the note then given was renewed from time to time and the interest paid thereon,

and the last of the notes so executed is the one now sued on.

Various exceptions were saved to the action of the court in giving and refusing instructions; but the court in effect told the jury that if the facts were found to be as herein stated a verdict should be returned in favor of appellee, and the verdict was so returned.

It is undisputed, however, that appellee bought the fixtures and took possession of the building and occupied it in accordance with the terms of the contract for the lease; and it is also undisputed that appellee was advised, immediately after executing the first note, of all the facts here stated. Thereafter the note was frequently renewed.

The effect of renewing a note which was void for the want of consideration was considered by this court in the case of *Stewart* v. *Simon*, 111 Ark. 358, and the authorities were there reviewed, and the law was stated to be that the defense of failure of consideration was not available to one who, with knowledge of the failure of the consideration for the original note, thereafter executed a renewal note.

Applying the principal there stated to the facts of this case it follows that a verdict should have been directed in appellant's favor, and the judgment of the court below will be reversed and judgment will be entered here for appellant for the amount of the note and the interest thereon.