# Decatur Land Co. *v.* City of New Decatur.

### Improvement Assessment.

(Decided December 21, 1916.   73 South. 509.)

Municipal Corporation; Public Improvement; Special Assessment;
Appeal.—Construing § 223, Constitution 1901, and §§ 1375, 1384, 1389 and
1395, it is held that where a large number of lots were assessed for public
improvements the owners could not question the whole assesssment in a sin-
gle appeal since the statutes contemplate an assessment, levy and appeal
from the assessment upon each single lot.

APPEAL from Morgan Circuit Court.

Heard before Hon. R. C. BRICKELL.

The city of New Decatur assessed the value of certain public
improvements against certain lots owned by the Decatur Land
Company from which assessment the Land Company took an
appeal to the circuit court.   The circuit court dismissed the
appeal and from this order the Land Company appeals.   Af-
firmed.

EYSTER & EYSTER, for appellant. TENNIS TIDWELL, for appellee.

McCLELLAN, J.—The controversy involved in this appeal from the Morgan circuit court arose out of the action of the city of New Decatur in assessing approximately 145 city lots under article 26 of chapter 32 of the Political Code, whereby municipalities are empowered to determine upon and to make public improvements of their streets, and to assess the cost thereof, within limits prescribed (Const. 1901, § 223), against abutting property. A sufficient general statement of the provisions appearing in article 26, c. 32, is made in *City of Birmingham v. Wills,* 178 Ala. 198, 204-206, 59 South. 173, Ann. Cas. 1915B, 746. The city council of Decatur listed the approximately 145 lots belonging to the Decatur Land Company, and set opposite each lot, as the statutes require, its judgment of the amount (varying with practically every lot) each of said lots would be enhanced in value by the improvement contemplated.—Code, § 1375. Such assessments were confirmed by the city council; and the Decatur Land Company took a single appeal to the circuit court.—Code, § 1389 et seq. The city moved in the circuit court to dismiss the appeal, on the ground, among others, that each assessment of each lot by the city council was a distinct judgment or decree against each lot, and that a single appeal from these several judgments or decrees was unauthorized. The court granted the motion on the ground stated, dismissing the appeal, and this appeal is to review that action of the circuit court. The doctrine upon which this ruling was rested is fully set forth in *Mobile Imp. Co. v. Stein,* 158 Ala. 113, 115, 116, 48 South. 368, 17 Ann. Cas. 288, and was later followed and approved in *Fulton v. State,* 170 Ala. 69, 54 South. 165. It is that two or more distinct judgments or decrees, each of which will support an appeal, cannot be united in one appeal. While this rule was announced and applied to a review sought by appeal to the Supreme Court, it is equally applicable to appeals authorized from separate assessments of distinct lots by municipal bodies in the exercise of their powers with respect to public improvements within their jurisdictions.

When the provisions of the Constitution (section 223) and the statutes (article 26, c. 32) are considered, together with the object the system intends to effect, it is not debatable, we think,

[Lockwood, et al. v. Thompson & Buchmann.]

that the required separate assessment of separate abutting lots operates to individualize the property for the purpose in view and to impose upon each lot thus necessarily segregated a charge which can alone be measured in amount by the "increased value of such property by reason of the special benefits derived from such improvements."—Const. § 223. Reference to sections 1375, 1384, and 1395 in article 26, c. 32, precludes any other conclusion in the premises. This view is further confirmed by the provisions of sections 1389, 1392, and 1394, wherefrom it appears with all certainty that the appeal is predicated of and given from the assessment, which, as commanded by section 1375, is the single judicial act of ascertaining and of determining the charge, within the limit the law prescribes, to be imposed upon the distinct lot or parcel of land deriving its own peculiar pecuniary benefit from the improvement contemplated. To allow the blending in one judicial hearing of the inquiry the owner may initiate or institute under the statutory system provided would necessarily result in the utmost confusion, and, it is readily conceivable, in the defeat of the object contemplated by the Constitution and the statutes. An appeal lies from the assessment made against each distinct lot; and the law as now written does not recognize or permit a retrial or a review through a process which would blend two or more distinct assessments.

The court below was correct in granting the motion to dismiss the appeal on the ground indicated.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.