141 So. 696

**R. L. PARSONS LUMBER & MFG. CO. et al. v. FARRIOR et al.**

**8 Div. 296.**

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

Tennis Tidwell, of Decatur, for appellants.

Lynne & Lynne, of Decatur, for appellees.

**KNIGHT, J.**

Plaintiffs (appellees) sued the defendants, R. L. Parsons Lumber & Manufacturing Company, a partnership, and R. L. Parsons and Carolyn C. Smith, the partners, individually, on six promissory notes, executed to plaintiffs by the defendants under their trade-name of R. L. Parsons Lumber & Manufacturing Company. The first note was executed on December 16, 1929, and the other five during the early part of the year 1930. The dealings between the plaintiffs and defendants covered a period of several years. The suit was filed in the circuit court of Morgan county on April 15, 1930, and on the next day the plaintiffs caused to be issued out of said court a writ of garnishment, in aid of the suit, directed to and served upon Benton Turrentine, as clerk of the circuit court of Limestone county, who, as such clerk, was supposed to be indebted to defendants, or to have money or effects belonging to defendants in his possession, or under his control.

On May 8, 1930, the said garnishee made answer to the writ, admitting an indebtedness to defendants, at the time of filing his answer,

of $900.76. On May 9, 1930, the defendants, under the provisions of section 8063 of the Code, gave bond and collected the money from the garnishee. This bond followed the terms of said statute in all respects.

The defendants, in the main suit, filed numerous pleas, including pleas of want of consideration, failure of consideration, and payment. The judgment entry recites that issue was joined by plaintiffs on each of the pleas, "separately and severally, with leave to give in evidence any matters that would constitute a good reply to said pleas, if well pleaded."

There was verdict for plaintiffs for the sum of $1,724.44, and judgment accordingly. This judgment was rendered on December 2, 1930, and at the conclusion of this judgment entry there follows, under date of December 3, 1930, judgment ascertaining and adjudging that the garnishee was indebted to the defendants, as of date May 8, 1930, in the sum of $900.76, "and that said amount shall bear interest from said date." The court then proceeded: "It is therefore ordered and adjudged by the court that the plaintiffs have and recover of the defendants and of their sureties on said (garnishment) bond, viz.: R. G. Cortner and Clara A. Cortner, the sum of $942.00, together with the cost of the garnishment."

It is insisted, first, by appellees that the judgments are separate, each final and supporting an appeal, and that both cannot be brought up for review by one appeal. In support of this contention appellees cite the case of Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509. This case dealt with a single appeal taken to the circuit court by a landowner from separate improvement assessments made by the city council of the city of New Decatur against each lot, as the statute required. The circuit court, on motion of the city, dismissed the appeal. The judgment of the circuit court was here affirmed, and this court, in that case, observed: "The doctrine upon which this ruling was rested is fully set forth in Mobile Imp. Co. v. Stein, 158 Ala. 113, 115, 116, 48 So. 368, 17 Ann. Cas. 288, and was later followed and approved in Fulton v. State, 170 Ala. 69, 54 So. 165. It is that two or more distinct judgments or decrees, each of which will support an appeal, cannot be united in one appeal. While this rule was announced and applied to a review sought by appeal to the Supreme Court, it is equally applicable to appeals authorized from separate assessments of distinct lots by municipal bodies in the exercise of their powers with respect to public improvements within their jurisdictions."

In the case of Mobile Improvement Co. v. Stein, supra, there was one appeal to this court, which sought to have this court, on that appeal, consider six separate and distinct judgments, in six separate and distinct forcible entry and detainer cases, to recover of the defendant six distinct parcels of land.

In the case of Fulton v. State, supra, the defendant had been convicted under two separate indictments. Two judgments were entered against him, but only one appeal was taken, which included both cases. The appeal was here dismissed upon the authority of Mobile Imp. Co. v. Stein, supra.

In the case of Kelly v. Deegan, 111 Ala. 152, 20 So. 378, 379, in an opinion written by Chief Justice Brickell, this court held, "Two distinct decrees—the decree confirming the sale of the real estate, and the subsequent decree of dismissal of the petition of the appellant—cannot be joined, and by a single appeal introduced into this court for review." But the court proceeded to say: "There has been no objection taken to the appeal. If an objection had been made, as matter of right, the certificate of appeal was amendable by the appellant, so as to present either decree, as its subject-matter, for revision."

The case of United States F. & G. Co. v. Benson Hdw. Co., 222 Ala. 429, 132 So. 622, also discusses the question, and holds, as a general proposition, that two separate judgments, decrees, or orders cannot be brought up for review by one appeal, when parties are not the same.

█ Had the appellees made proper motion to dismiss the appeal, it may be, though we do not decide the point, that his motion would be well taken, but no such motion was made, and the insistence is made for the first time in brief filed after the submission. The appellants, if such motion had been made, could have amended the certificate of appeal so as to present either judgment as the subject matter for revision. This was expressly so held in the case of Kelly v. Deegan, supra. In this state of the record, we will not dismiss the appeal, even if it were held to present two separate judgments for review.

It is insisted by appellants that the court committed reversible error in charging the jury, at the written request of the plaintiff: "I charge you that where the maker of a promissory note agrees with payee that if the payee will extend the time of payment to some future date, he will pay the same at the time so stipulated, such promise of the maker constitutes a new contract, binding in law and capable of enforcement, though the maker may have a good defense to the original note before the renewal under such agreement, either because of want of consideration or failure of consideration."

In the case of McCormick Harvesting M. Co. v. Yoeman, 26 Ind. App. 415, 59 N. E. 1069, it is held: "It is the settled law in this state that where the maker of a promissory note agreed with the payee that, if the latter

will extend the time of payment for a definite time, he will pay the same at the expiration of said period, and the time is so extended, such promise of the maker constitutes a new contract, binding in law, and capable of enforcement, though the maker may have had a good defense to such note before the agreement to extend was made."

It will be noted that the charge in question is almost an exact copy of the foregoing rule, with the added words "either because of want or failure of consideration." To substantially the same effect are the holdings in the following cases: Haglin v. Friedman, 118 Ark. 465, 177 S. W. 429; Stewart v. Simon, 111 Ark. 358, 163 S. W. 1135, Ann. Cas. 1916A, 825; Hyer v. York Mfg. Co., 58 Fla. 283, 50 So. 485; Franklin Phosphate Co. v. Intern'l Harvester Co., 62 Fla. 185, 57 So. 206, Ann. Cas. 1913C, 1247.

In the case of Hogan v. Brown & Co., 112 Ga. 662, 37 S. E. 880, it was held: "One who executed and delivered a promissory note in renewal of a balance due upon a like note previously given for the purchase of personalty, and who at the time of giving the second note knew that this personalty was, when purchased, defective or worthless, was not, in defense to an action on that note, entitled to set up that the consideration thereof had failed because of the defectiveness or worthlessness of the property." To the same effect was the holding of the same court in the case of Atlanta, etc., Co. v. Hutchinson, 109 Ga. 550, and cases cited on page 552 thereof, 35 S. E. 124, 125.

In the case of J. B. Colt Co. v. Kelly et al., 142 Miss. 617, 107 So. 757, the Supreme Court of Mississippi, in a case very much like the present case, held: "The signing of the renewal note with knowledge of the breaches of the warranties is an estoppel of the defendants from setting up said breaches. Such signing of a renewal note is a waiver of the defense, and may not be set up to defeat the recovery of the renewal note," etc.

In the case of Cameron & Johnson v. Nall, 3 Ala. 158, our own court has said: "He [referring to the purchaser of the note] had a right to purchase the note, and after purchase, it could be avoided in his hands for any want or failure of consideration, unless the makers had concealed the fact, on his application to them for information. He afterwards applied to them for payment, as we must presume, and they gave a new note, due more than a year afterwards: Even then they make no claim of a defence. We think the new promise was a waiver of any defence, as to the original consideration, and it would be a fraud on the holder, to permit the defendants now to inquire into the defective consideration of the first note."

The original note in the Cameron Case, supra, in renewal of which the note sued on was given, was not wholly without consideration, but was void only as to the interest. The note was made for the purpose of being sold to the then holder of the substituted note, and, if he had acquired it with knowledge of the facts, it would have been void only for the excess above the sum paid by him for it.

In 8 Corpus Juris, at page 444, § 658, the principle is stated broadly that "as between the original parties, and as against transferees who are not bona fide purchasers for value, a renewal note is open to all defenses which might have been made against the original note, at least in so far as they relate to consideration, such as want or failure of consideration, fraud, usury, gambling debts, or other illegality." And, continuing, the same authority further states the rule as to defenses cured by renewals to be: "However, where the defense is such that it can be and is cured by the renewal it cannot be urged. Thus, one who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations by the payee, etc., waives such defense and cannot set it up to defeat or to reduce a recovery on the renewal note." Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409.

In Daniel on Negotiable Instruments, vol. 1 (6th Ed.) page 300, at section 205, the principle is thus stated: "An agreement to renew a bill or note is not valid unless upon consideration; the surrender and cancellation of a valid and enforceable obligation, however, is generally considered a sufficient consideration for the execution of a renewal note, and when the first note was without consideration, a renewal note is also."

Our own court, in the case of Cochran v. Perkins, 146 Ala. 689, 40 So. 351, has committed itself to the proposition that, if the original note was without consideration, a renewal of such a note would be likewise without consideration. And this conclusion finds support in the Holczstein Case, supra.

Thus it follows that, where the original note was without consideration, any renewal thereof would be without consideration, and as between the original parties the renewal note would be subject to the same defenses as the original note.

The vice of the charge under consideration lies in the fact that the jury is instructed that the giving of a renewal note for the original note would preclude the defendants from making the defense of want of consideration as well as of failure of consideration.

The charge, therefore, in our opinion, was bad, in that it precluded the defendants by giving the second note from setting up as a defense that the first note was without consideration, but, as the evidence shows that at best there was a mere partial failure,

and not a want of consideration, the giving of the charge was error without injury. We will not therefore reverse the trial court for the giving of said charge.

It is next insisted by appellants that the court committed reversible error in giving charge C, at the request, in writing, of the plaintiffs. This charge was: "The burden of proof rests upon defendant to reasonably satisfy you from the evidence the truth of each of their special pleas."

It will be noticed that this charge only deals with the question of burden of proof, nothing else. The burden of establishing to the reasonable satisfaction of the jury the special pleas was upon the defendants. If the defendants conceived that the charge was misleading, they should have asked an explanatory charge. This was not done.

It is next insisted that the court committed error in rendering judgment against defendants and sureties, on the bond given to procure dissolution of the garnishment, in excess of the indebtedness of the garnishee to the defendants. The garnishee by his answer admitted indebtedness to the amount of $900.76 at the time of his answer. The defendants by their bond secured the dissolution of the garnishment. Under the bond, they, the defendants and sureties, were liable for the payment of the $900.76 and cost of the garnishment suit, Code, § 8063, but not for interest on said $900.76. In charging the defendants and sureties with the interest on said sum, the court committed error. The judgment rendered on the dissolution bond will be here corrected by deducting the interest item of $41.24, reducing this judgment to $900.76 and cost. Of course, when his amount is paid to plaintiffs, the same shall be payment, pro tanto, of the original judgment against defendants.

As corrected herein, both judgments will be here affirmed. Let the appellees pay all cost of appeal.

Corrected, and, as corrected, affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.