8 So.2d 410

### AUSTIN v. CITY OF ANNISTON.

### 7 Div. 702.

Supreme Court of Alabama.

May 28, 1942.

Rehearing Denied June 30, 1942.

Ross Blackmon, of Anniston, for appellant.

Merrill & Merrill, of Anniston, for appellee.

216

THOMAS, Justice.

The appeal challenges the action of the circuit court in the matter of street improvement assessment. The statutes having application are found in Code 1940, Tit. 37, § 513, et seq.

The record shows a due protest by the owner of two contiguous lots that was disallowed by the duly constituted city authorities; that he took an appeal to the circuit court and gave the required bond which was approved and filed in the circuit court.

An established proposition by the decisions of this court is that the mere filing of a proper appeal bond effectuates the appeal, though the notice is not given within the period allowed by law for taking an appeal. Maya Corporation v. Smith, 239 Ala. 470, 473, 474, 196 So. 125; Code 1923, and Michie's Code of 1928, §§ 6101, 6131, 6132 and 6143, Code 1940, Tit. 7, §§ 765, 766, 792, 793, 804.

The City of Anniston duly adopted an improvement ordinance providing for the pavement of designated streets within its corporate limits. The appellant was the owner of two contiguous lots abutting on streets to be paved. When the paving was done as provided by the ordinance, the city gave appellant notice through the city clerk, showing one sum to be due under "ordinance No. 330, total assessment $592.-19, lots 23 and 24, Block No. 512."

Appellant filed written protest of the paving assessment "as a unit." The effect of written protest was that the property had not increased in value by reason of any special benefits resulting from the pavement; that the alleged improvements made have served to decrease the market value of said property to an extent in excess of the amount sought to be assessed against and to be paid for said improvement; and that said improvements as were made and now exist serve to impair and impede the egress and ingress to and from said property.

This protest being disallowed by the duly constituted authorities of the city, the property owner took his appeal to the circuit court. Pertinent parts of the bond are as follows:

"The condition of the above obligation is such that whereas the city of Anniston, on to-wit the 15th day of October, 1940, assessed the following described property of the said W. H. Austin, to-wit:

"Lots 23 and 24, in Block 512 as shown on the map of the City of Anniston for Street Improvements abutting said property, under Street Paving Ordinance Nos. 327, 328, 329, 330, 331, 334 and 335, as per notice given to property owners to protest said assessments as published in the Anniston Star of Anniston, Alabama, on October 4th, 1940, on Page 11, of said publication, said assessment being in the sum of $592.16, and

"Whereas said W. H. Austin duly protested in writing the said assessment and his said protest and objections were overruled by the governing body of the city of Anniston and said assessment was made final; and

"Whereas the said W. H. Austin, feeling aggrieved at the action of the City of Anniston through its Commissioners, has appealed the said assessment to the Circuit Court of Calhoun County, Alabama, in which Court he demands a jury trial of the issues involved in said protest. * * *."

The cause should have been tried as provided by the law in the circuit court on the property owner's demand for a jury trial of the issues involved in said protest.

The records from the circuit court show that motion of the City of Anniston for a continuance was granted and the property owner excepted; that thereafter motion to quash assessment was overruled and plaintiff excepted to the ruling of the court; that on December 5, 1941, motion to dismiss the appeal as to Lot No. 23 was overruled, and plaintiff excepted to the ruling, and on the same day the appeal was dismissed on the motion of the city as affect-

ing the two lots and the aggregate assessments of $592.16 against the appellant.

The appellant's statement of facts, borne out by the record, is:

"After the appeal was taken from the judgment of assessment of appellant's property by the City Commission of Anniston, to the Circuit Court of Calhoun County, by the appellant here, the appellee appeared in the Circuit Court and invoked its jurisdiction to grant it a continuance of the cause, which was duly granted and the appellant reserved an exception to the court's ruling, * * *. Thereupon, the appellant filed a motion to 'Quash' the City's assessment of his property, * * *. The appellee joined issue on the motion to 'quash' and consented that it be set specially for hearing on a given date. When the motion to 'quash' came on to be heard on the 29th day of Nov. 1941, the appellee's counsel appeared in Court and submitted an oral argument against the motion, * * *. More than five (5) months after the appeal to the Circuit Court, appellee assumed an entirely different attitude in the premises and filed a motion in the Circuit Court to dismiss the appeal in this cause there pending. * * *

"Notwithstanding, the Circuit Court had been exercising jurisdiction in the cause for a period of five months, appellee's motion to dismiss the appeal was granted and the appeal dismissed out of the Circuit Court.

"This case is brought to this court by appeal to revise the court's ruling on said motion and appellant's motion to 'quash' the assessment for its alleged invalidity."

■■ It has long been the established rule in this jurisdiction that a plea in abatement must be filed at the first term at which the case stands for trial, "and comes too late after a general continuance; and when thus waived, by the failure to file it in proper time", the right to plead it is not revived on appeal to another court. Noles v. Marable, 50 Ala. 366.

To the same effect are: Wolff v. Mc-Gaugh, 175 Ala. 299, 57 So. 754; Ex parte Kelly, 221 Ala. 339, 128 So. 443; Smith v. State, 227 Ala. 160, 148 So. 860; Hayes v. Dunn, 136 Ala. 528, 34 So. 944.

In Parsons Lumber & Mfg. Co. v. Farrior, 225 Ala. 61, 141 So. 696, it was held as to street improvement assessments on contiguous property, that: "* * * the judgments are separate, each final and supporting an appeal, and that both cannot be brought up for review by one appeal. In support of this contention appellees cite the case of Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509. This case dealt with a single appeal taken to the circuit court by a landowner from separate improvement assessments made by the city council of the city of New Decatur against each lot, as the statute required. The circuit court, on motion of the city, dismissed the appeal. The judgment of the circuit court was here affirmed, and this court, in that case, observed: 'The doctrine upon which this ruling was rested is fully set forth in Mobile Imp. [& Bldg.], Co. v. Stein, 158 Ala. 113, 115, 116, 48 So. 368, 17 Ann.Cas. 288, and was later followed and approved in Fulton v. State, 170 Ala. 69, 54 So. 165. It is that two or more distinct judgments or decrees, each of which will support an appeal, cannot be united in one appeal. While this rule was announced and applied to a review sought by appeal to the Supreme Court, it is equally applicable to appeals authorized from separate assessments of distinct lots by municipal bodies in the exercise of their powers with respect to public improvements within their jurisdiction.'"

See Wright v. Fannin, 229 Ala. 278, 282, 156 So. 849, where many authorities are collected.

■ Under the facts that the lots were contiguous and the street improvement notice issued to the property owner was as to both lots, the circuit court had jurisdiction of the appeal to try the facts under the protest of the taxpayer and his demand for a jury trial of the issues so presented.

The city was bound by the estoppel which affects it as we have indicated.

The action of the trial court in dismissing the cause was in error and that judgment is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN, FOSTER, and LIVINGSTON, JJ., concur.