(92 South. 900)

## CITY OF SELMA v. HOBBS. (2 Div. 789.)

(Supreme Court of Alabama.  May 4, 1922.)

**1. Municipal corporations ⊚═481—Failure to set out amount assessed against certain lots did not invalidate assessment on other lots.**

That the assessment roll failed to state the amount assessed against certain lots for street paving, as required by Code 1907, § 1375, did not invalidate the assessment against the other lots, the amount of which was stated, in view of section 1380, providing that any defect in the proceedings shall not affect the proceedings, but may be corrected in a supplementary proceeding of like character.

**2. Municipal corporations · ⊚═486(1)—Notice of assessment for public improvements may be made, though assessment roll did not state amount assessed against each lot.**

Though the assessment roll failed to state the amount assessed against certain lots for street improvements, as required by Code 1907, § 1375, the notice to the owners of the lots, as provided by section 1377, may be published, in view of section 1380, providing that any defect in the proceedings or notice shall not affect the proceedings or notice, but may be corrected in supplementary proceedings of like character.

Appeal from Circuit Court, Dallas County; R. I. Jones, Judge.

From an assessment for a street improvement made and entered by the City Council of Selma against the abutting property of S. F. Hobbs, he appealed to the circuit court, and from a judgment there rendered against the City of Selma, it appeals here. Reversed, rendered, and remanded.  ·   ·

Leo Leva and Pettus, Fuller & Lapsley, all of Selma, for appellant.

The court erred in the judgment rendered. Sections 1380 and 1395, Code 1907; 178 Ala. 430, 59 South. 654; 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746.

Arthur M. Pitts and S. F. Hobbs, both of Selma, for appellee.

The action of the city of Selma in levying the assessment was void, and the court properly so declared.  Sections 1375, 1376, 1377, Code 1907; 170 Ala. 149, 54 South. 210; 178 Ala. 198, 59 South. 179; 185 Ala. 490, 64 South. 301; 5 Dillon, Mun. Corp. 2607.

ANDERSON, C. J.  Counsel for both sides are in accord that there is but one point involved in this appeal.  It seems that the appellee's lot was assessed under article 26 of the Municipal Code for paving the street upon which it was located, and no defect or invalidity is urged against the assessment of this particular lot, but it is contended that the assessment roll included lots of the Dallas Academy and the city school board, and left

the amount proposed to be assessed against same blank, thus failing to comply with section 1375 of the Code of 1907, as to said two lots, and owing to said defect there was not such a completion of the assessment roll as to authorize a notice that would be binding upon this appellee under section 1377 of the Code, and the assessment against his lot was therefore void.

[1] We may concede that the purported assessment against the lots of the Dallas Academy and the city school board was void for failing to set out the amount to be assessed against each of said lots, as required by section 1375 of the Code. Decatur Land Co. v. New Decatur, 198 Ala. 293, 73 South. 509. See, also, note in case of People v. Seymour, 76 Am. Dec. 531. Yet this would not invalidate the assessment against the appellee's lot. While the statute contemplates but one assessment roll, it also requires that the assessment as to each lot shall be separate and distinct from the others. Decatur Land Co. v. New Decatur, supra. It is true that section 1377 provides that:

"After the completion of the proper entries of each improvement, said book shall be delivered to the city or town clerk, who shall thereupon give notice," etc.

[2] Yet we do not think that this provision means that the notice cannot be given until the delivery of the book to the clerk, containing a correct and proper assessment as to each and every lot involved, for to give it such a construction would render section 1380 meaningless and useless. If the completion of the assessments requires a perfect and proper one as to each lot as a condition precedent to a delivery to the clerk and the right for him to give notice, there could be no need for curative section 1380, and which must be considered in pari materia with section 1377 and other provisions of the chapter. Therefore, under the express terms of section 1380, the defect, either as to notice or the proceedings relative to the lots of the Dallas Academy or the city school board, affected only the assessment against said lots, and not the one against the appellee's lot.

It is inconceivable that the Legislature intended that each and every assessment should be properly made, in order to complete the assessment roll for delivery and notice, and that all assessments properly made should be set aside and held for naught, simply because of a defect or invalidity as to some one lot included in the book delivered to the clerk. On the other hand, we think that section 1380 was intended to avoid such a disastrous result, by confining the defect to the assessment against the particular lot to which it relates, authorizing supplementary proceedings to cure the defect, and upholding the assessment on all lots as to which the defect did not apply.

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court erred in holding that the assessment against the appellee's lot was void, and in dismissing the appellants' appeal to the circuit court, and the judgment is reversed, one is here rendered, reinstating the appeal, and the cause is remanded.

Reversed, rendered, and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.