## COX et al. v. CITY OF BIRMINGHAM.
### (6 Div. 827.)

(Court of Appeals of Alabama. Feb. 16, 1926.
Rehearing Denied April 6, 1926.)

1. **Municipal corporations** ⊚⟹511(2) — **Filing motion for new trial and its continuance held to suspend judgment in improvement assessment proceedings, as concerns requirement for perfecting appeal within 30 days (circuit court rule 22; Code 1923, § 2211).**

In proceeding for assessment of benefits for local improvements, filing of motion for new trial in accordance with circuit court rule 22, and its regular continuance from day to day, *held* to suspend judgment until determination of motion in so far as requirement for perfecting appeal within 30 days of judgment is concerned, notwithstanding Code 1923, § 2211.

2. **Appeal and error** ⊚⟹528(1)—**Setting out motion for new trial in record is sufficient to reserve exception to overruling motion without copying it into bill of exceptions.**

Setting out motion for new trial in extenso in record is sufficient to reserve exception to action of court in overruling motion without again copying it into bill of exceptions.

3. **Municipal corporations** ⊚⟹511(2).

In proceeding for assessment for improvements, transcript is equivalent to formal complaint, and no other complaint need be filed under Code 1923, § 2209.

4. **Municipal corporations** ⊚⟹511(2)—**Certified transcript of proceedings for improvement assessment is prima facie evidence of correctness of assessment (Code 1923, § 2208).**

Duly certified and identified transcript of all proceedings before commission for assessment of benefits for local improvements is prima facie evidence of correctness of assessment and that property and persons are justly indebted to city for amount claimed, in view of Code 1923, § 2208.

5. **Municipal corporations** ⊚⟹511(2) — **Where issue was whether assessment exceeded cost of work, exclusion of contract for work and bond to indemnify city against loss held proper (Code 1907, §§ 1359–1420).**

In proceeding under Code 1907, §§ 1359–1420, to levy assessments of benefits for local improvements, where issue was whether assessment exceeded cost of work, exclusion of contract for work and bond to indemnify city against loss *held* proper; contract price being already in evidence and additional fact of indemnifying bond without more being insufficient to impeach finding of commissioners.

6. **Municipal corporations** ⊚⟹511(2)—**Findings of commissioners on making assessment for improvements are presumptively correct (Code 1907, § 1365).**

Under Code 1907, § 1365, ascertainment of cost of improvements as basis for assessment of benefits requires judicial action which may involve many items arising during execution of work, and findings of commissioners thereon are presumptively correct.

7. **Municipal corporations** ⊚⟹449(4)—**Objections to assessment for improvement based on failure to show grade established or assessment roll prepared held ineffectual, in view of ordinance fixing grade, notice to property owners, and final resolution of commissioners.**

In proceeding for assessment of benefits for local improvement, objections based upon failure to show that proper grade had been established or that assessment roll had been prepared *held* ineffectual. in view of ordinance fixing grade, notice to property owners, final resolution of commissioners setting out detailed assessment roll, and findings of fact in resolution.

8. **Municipal corporations** ⊚⟹449(4)—**Final resolution of commissioners ratifying former ordinance providing for improvements held to correct defects in former orders, ordinances, assessments (Code 1923, § 2195).**

In making improvements and levying assessments, final resolution of commissioners ratifying former ordinances providing for improvements adopted in absence of any protest filed *held* to correct any defect in any former order, ordinances, assessments, etc., in view of Code 1923, § 2195.

9. **Evidence** ⊚⟹471(19).

In proceeding by city for assessment of benefits for local improvements, testimony of witness that sidewalk was not high enough anywhere *held* properly excluded as conclusion.

10. **Municipal corporations** ⊚⟹511(2).

In proceeding for assessment for improvements, whether construction of storm sewer would have improved drainage conditions of work *held* immaterial.

11. **Municipal corporations** ⊚⟹511(2)—**Testimony of witness as to what he had assessed against abutting property belonging to city held incompetent; assessment roll being conclusive.**

In proceeding by city for assessment of benefits for local improvement, testimony of witness as to what he had assessed against abutting property belonging to city *held* incompetent; assessment roll fixing values and assessment by commission being in evidence and conclusive.

12. **Municipal corporations** ⊚⟹438—**In assessing improvement benefits, inquiry is confined to increased value of property by reason of special benefits and not general increase in values (Const. 1901, § 223).**

In proceeding for assessment of benefits for local improvement, inquiry is confined to increased value of property against which cost is assessed by reason of special benefits derived from improvements, in view of Const. 1901, § 223, and not general increase in property values by reason of work being done.

13. **Municipal corporations** ⊚⟹511(2).

In proceeding by city for assessment of benefits for local improvements, reason why sale of property to be assessed failed of consummation *held* not relevant.

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Municipal corporations ⬤511(2)—Refusal of new trial held not erroneous, in view of evidence and record of improvement assessment proceedings filed (Code 1923, §§ 2208, 2209).**

In proceeding by city for assessment of benefits for local improvements, refusal of new trial *held* not erroneous, in view of compliance with statutory requirements in effecting improvements as shown by evidence and record of proceedings certified and introduced under Code 1923, §§ 2208, 2209.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Proceeding by the City of Birmingham to assess the property of T. G. Cox and Amanda Cox for street paving. From the judgment, defendants appeal. Affirmed.

Certiorari denied by Supreme Court in Cox v. City of Birmingham, 214 Ala. 584, 108 So. 625.

Theo. J. Lamar, of Birmingham, for appellants.

Failure to fix the grade of streets before the assessment renders the proceedings void. Birmingham v. Coffman, 173 Ala. 213, 55 So. 500, Ann. Cas. 1914A, 887; Hood v. Bessemer, 213 Ala. 225, 104 So. 325. Municipalities derive their powers from the state, and cannot legislate in excess of them. Birmingham, etc., Co. v. Birmingham, etc., R. Co., 79 Ala. 465, 58 Am. Rep. 615; Montgomery v. Foster, 133 Ala. 587, 32 So. 610. The commission cannot delegate authority given exclusively to it. Harton v. Avondale, 147 Ala. 458, 41 So. 934. The work must be let to the lowest bidder, and the city cannot make a profit out of the work being done. Inge v. Board of Mobile, 135 Ala. 187, 33 So. 678, 93 Am. St. Rep. 20. Appellants should not be charged in excess of the cost of the improvement. Hood v. Bessemer, 213 Ala. 225, 104 So. 325. Testimony as to general advance or effect of like improvements on similar property should be excluded. Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486. Appellants were due the general charge. Garner v. Anniston, 178 Ala. 430, 59 So. 654. The appeal is taken within the time prescribed. Florence C. & I. Co. v. Field, 104 Ala. 471, 16 So. 538.

W. J. Wynn, W. K. Terry, and J. H. Willis, all of Birmingham, for appellee.

It is not necessary to file a complaint in cases of this kind. Code 1923, § 220; Wallace v. Florence, 16 Ala. App. 506, 79 So. 267; 1 Page & Jones on Tax. & Ass't, § 1227. The finding and judgment of the commission are presumptively valid. 1 Page & Jones, §§ 672, 1277; Code 1923, §§ 2208, 2209; Sloss Co. v. Birmingham, 201 Ala. 542, 78 So. 896. The evidence must be confined to the issues. Page & Jones, § 1272. The appeal was not taken within 30 days from the date of original judgment, and will not be considered. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Minge v. Smith, 206 Ala. 330, 89 So. 473; Code 1923, § 2211.

SAMFORD, J. [1] The judgment in this case was rendered February 16, 1925. Within the time allowed by law, motion was made to set aside the judgment and for a new trial. This motion was regularly continued from time to time, until April 24, 1925, when judgment was entered overruling the motion, and on May 23d following an appeal to this court was perfected. It is now insisted that to give this court jurisdiction the appeal must have been perfected within 30 days from rendition of the original judgment. To sustain this position we are cited to section 2211, Code 1923, providing for appeals from judgments of the kind here considered. We are not in disagreement with the decisions in Lewis v. Martin, 210 Ala. 401, 98 So. 635, Snider v. Funderburk, 209 Ala. 663, 96 So. 928, and other authorities cited by appellee, but the filing of the motion for new trial in accordance with rule 22, Circuit Court Rules, 4 Code 1923, p. 901, its regular continuance from day to day, had the effect of suspending the judgment until the determination of the motion. Florence C. & I. Co. v. Field, 104 Ala. 471, 16 So. 538.

[2] It is next insisted that no sufficient exception is reserved to the action of the court in overruling the motion for new trial. This contention is not tenable. The motion is set out in extenso in the record, it was not necessary to have again copied it in the bill of exceptions. When the motion is so set out, all that is necessary is for the bill of exceptions to show a ruling on the motion and an exception reserved. Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577; Grand Bay L. Co. v. Simpson, 202 Ala. 606, 81 So. 548; Sansom v. Covington County Bank, 17 Ala. App. 556, 87 So. 406.

The appeal in this case is from a judgment of the circuit court of Jefferson county, determining and fixing the amount of the increased value of defendant's property, by reason of special benefits derived from street improvements adjacent thereto, under statutes authorizing the improvements and the assessments of the amounts to the property adjacent.

[3] In this character of proceeding it is not necessary to file a complaint; the transcript being equivalent to a formal complaint. Code 1923, § 2209.

Acting under the powers conferred on municipalities by article 26, c. 32, of the Code of 1907 (sections 1359–1420), the commissioners of the city of Birmingham prepared to make certain improvements as to Twenty-

Eighth Street, Ensley, and to levy assessments against the adjacent property to pay for the costs thereof. On February 6, 1923, acting under section 1366 of the Code of 1907, an ordinance was adopted fixing the grade of the street which was proposed to be improved. This ordinance seems to be in all things regular. Following this ordinance, an ordinance was on the same day adopted providing for the improvement therein described, the authority for which is found in section 1359, Code 1907. This ordinance appears to be in all things regular. In this ordinance it was provided (section 3 [c]):

"That no assessment shall exceed the costs of such improvements or the increased value of such property by reason of the special benefits derived from such improvements."

Section 4 of the ordinance fixed the estimated costs of the improvements, and February 27th was fixed as a day for hearing protests from interested parties. On February 27, 1923, at a meeting of the commission, called as above noted, no protest being filed, the former ordinance was ratified. Bids were advertised for by publication as required, and on March 20, 1923, the contract for the improvement was let at the contract price of $5,561.25. Then follows a notice to property owners of the time and place when assessments will be determined, and on the day and date set the commission in regular meeting passed a resolution reciting the several ordinances formerly passed relative to the improvement, the letting of the contract, the actual cost of the improvements, the hearing of the protest as to assessments by several property owners, among whom were these defendants, a ratification of former ordinances, a fixing of the aggregate amount, and a detailed assessment to each of the abutting property owners.

An appeal was taken by appellants here from the finding of the commissioners, to the circuit court, and from a judgment in that court this appeal is taken. The issues presented in the circuit court were: (1) Whether or not the amount assessed against the property was in excess of the cost of the work. (2) Whether or not the amount assessed was the true increased value of the property, by reason of the special benefits derived from the improvements. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

[4] On the trial, a transcript of all proceedings before the commission, duly certified and identified, was introduced in evidence, which was prima facie evidence of the correctness of such assessment, and that said property and persons, including defendants, are justly indebted to the city for the amount here claimed. Code 1923, § 2208.

[5, 6] On the trial, defendant offered to introduce the contract of Fromhold & Kessler, made in compliance with their bid and the bond given by them to indemnify the city against loss. This evidence was objected to by the city, the objection sustained, and exception duly reserved. The only purpose of this evidence was to show the price at which the contract for the work had been let, while the real inquiry was, what had the work actually cost. This evidence, had it been admitted, would have introduced issues into the case entirely foreign to any that could be legally adjudicated here. As to the price at which the contract was let, that fact was set out in the transcript filed by the city, and was in evidence for whatever it was worth, but the cost of the work as ascertained by the commissioners could not be impeached by proof of contingent claims arising on an indemnifying bond, unless defendants had gone further and offered to prove that some amount had actually been collected from the indemnifying bond, to be applied to a reduction of the cost of construction. It is perfectly clear that a municipality will not be permitted to charge or assess against the abutting property a greater amount than the actual cost of the improvements made, and yet we must recognize that in the making of improvement contracts and the assessing of the cost against abutting property the city authorities act in the capacity of legislators, judges, and executives. The ascertainment of the cost of the improvements requires judicial action, involving, it may be, many items of construction arising during the execution of the work. Code 1907, § 1365. According to the record this was done, and the findings of the commissioners are presumptively correct. The amount of the contract price was already in evidence, and the additional fact of an indemnifying bond, without more, would not tend to impeach the findings of the commissioners.

[7, 8] In urging first, eleventh, and twelfth assignments of error, appellants base their contention upon the statement that there is a failure to show that a proper grade had been established or an assessment roll had been prepared. As to these contentions it is sufficient to call attention to the ordinance fixing the grade, approved February 6, 1923, notice to property owners, May 3, 1924, the final resolution of the commissioners, May 27, 1924, setting out detailed assessment roll, and the findings of facts in the resolution. The final resolution of May 27th, supra, had the effect of supplying and correcting any defects in former orders, ordinances, assessments, etc. Code 1923, § 2195 (Code 1907, § 1380).

The contentions as to the second and ninth assignments are based upon the assumption that the city had failed to show that the grade for the street had been established prior to the letting of the work. As has heretofore been seen, the grade was established by the ordinance of February 6, 1923. Any other grade was irrelevant.

[9, 10] The statement that the sidewalk was not high enough anywhere was a con-

clusion of the witness Cox, and was properly excluded. Whether a storm sewer would have prevented water from standing on the sidewalk was immaterial. Whether or not the construction of a storm sewer would have improved the drainage conditions on this particular piece of work was immaterial and irrelevant.

[11] It was not competent to prove by the witness Webb what he had assessed against the abutting property belonging to the city. No such duty rested on Webb. The assessment roll fixing values and assessments by the commission was in evidence, and was conclusive on this point.

[12] The fifth assignment of error is not well taken. The question involved here is not the general increase in property values by reason of the work being done. The inquiry is confined to the increased value of property against which the cost of improvement is assessed, by reason of the special benefits derived from the improvements. Const. 1901, § 223.

[13] The fourth assignment is not well taken. The reason why a sale of the property failed of consummation would not be relevant.

[14] The city proceeded to the improvements of Twenty-Eighth street in accordance with the statutory requirements; each step necessary to the carrying out of the purpose designed was taken. The contract was let, the amount of cost ascertained, due and legal notices given, objections and protest heard and determined, and assessments made as required by law. A full record of all proceedings duly certified was filed in this cause and introduced in evidence under authority of sections 2208 and 2209 of the Code of 1923, becoming thereby the pleadings and prima facie proof of the city's case. In addition there was other evidence tending to prove that the commissioners had properly ascertained and assessed the amount against defendant's property not in excess of the increase of defendant's property by reason of the special benefits derived from the improvement. We would not be warranted in holding that the trial court committed error in refusing to grant the motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.