(108 So. 625)

## T. G. COX et al. v. CITY OF BIRMINGHAM. (6 Div. 701.)

(Supreme Court of Alabama. May 13, 1926.)

Certiorari to Court of Appeals.

Theo. J. Lamar, of Birmingham, for petitioners.

W. J. Wynn, of Birmingham, opposed.

SOMERVILLE, J. Petition of T. G. Cox and Amanda Cox for certiorari to Court of Appeals to review and revise the judgment and decision of that court in Cox et al. v. City of Birmingham, 108 So. 622.

Writ denied.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

---

(108 So. 517)

## SENTELL et al. v. FRIENDSHIP BAPTIST CHURCH NO. 2. (7 Div. 624.)

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Associations ⊜⟹20(1).**

Under Gen. Acts 1921 (Sp. Sess.) p. 15, unincorporated organization or association may maintain action or suit.

**2. Religious societies ⊜⟹11.**

Each congregation of Baptist church, democratic in its organization and maintenance, has right to rule itself in accordance with laws of church.

**3. Religious societies ⊜⟹8.**

Will of majority of individual congregation of Baptist church rules, and minority must submit.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by the Friendship Baptist Church No. 2 against John J. Sentell, Jr., and others. From a decree for complainant, respondents appeal. Affirmed.

Motley & Motley, of Gadsden, for appellants.

The church cannot bring the suit, in the absence of authority granted to it by the congregation. Acts 1919, p. 117; Code 1907, §§ 3613, 3614; Blount v. Sixteenth St. Church, 206 Ala. 423, 90 So. 602. Where a minority withdraw from a Baptist Church, it relinquishes all rights to the property of the church abandoned. Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41.

Hugh Reed, of Center, for appellee.

The suit was properly brought in the name of appellee. Code 1923, § 5723; G. I. B. of L. E. v. Green, 210 Ala. 496, 98 So. 569. The relief granted was proper. Christian Church v. Sommer, 149 Ala. 145, 43 So. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 27; Manning v. Yeager, 201 Ala. 599, 79 So. 19; Morgan v. Gabard, 176 Ala. 568, 58 So. 902; Harris v. Cosby, 173 Ala. 81, 55 So. 231.

THOMAS, J. The bill is for injunction as affecting the use of the temporal properties of a Baptist church.

[1] The recent statute permits that action or suit be maintained by and in the name of an unincorporated organization or association. Thus is met the announcement contained in G. I. B. L. E. v. Green, 206 Ala. 196, 89 So. 435, and as the case of G. I. B. L. E. v. Green, 210 Ala. 496, 98 So. 569, indicates. In the last decision in the Green Case, supra, the declaration is contained that the Act of October 28, 1921, p. 15, did not impair the obligation of contracts or affect vested rights (as to past transactions) under the Constitution, and that such remedial statute must be liberally construed. We have carefully considered the pleadings and proof, and agree with the trial judge in the relief accorded as to the temporal affairs of the church.

[2, 3] The law of such cases and that governing the use of church or community properties of such unincorporated organization or association has been often considered and given expression. Hope of Ala. L. of O. F. v. Chambless, 212 Ala. 444, 103 So. 54; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; Manning v. Yearger, 201 Ala. 599, 79 So. 19; Morgan v. Gabard, 176 Ala. 568, 58 So. 902; Harris v. Cosby, 173 Ala. 81, 55 So. 231; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Christian Church of Huntsville v. Sommer, 149 Ala. 145, 43 So. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 27. The law of such cases need not be restated. The circuit court has canvassed the evidence and given expression of the duly constituted authority of such a congregationally governed church, democratic in its organization and maintenance, and the right of each congregation of that denomination to rule itself in accordance with the laws of the church as shown by the evidence. The decree is in accord with what is shown to be the will of the majority. It becomes the minority to submit. Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes