(114 So. 58)

## CITY OF HARTSELLE v. CULVER.
### (8 Div. 873.)

Supreme Court of Alabama. June 30, 1927.

Rehearing Denied Oct. 27, 1927.

1. Municipal corporations ⬅293(2)—Preliminary street improvement ordinances may specify paving material in alternative (Code 1923, § 2180).

In preliminary street improvement ordinances, several different kinds of paving material may be specified in the alternative, from which selection will be seasonably made particularly where materials named are of same general nature, in view of Code 1923, § 2180.

2. Municipal corporations ⬅296(2)—Declaration in preliminary street improvement ordinance that cost of improvement, together with other improvements, amounted to certain sum, held insufficient estimate (Code 1923, §§ 2176, 2177).

Declaration, incorporated in preliminary street improvement ordinance, that cost of improvement, along with two other roadway improvements and certain sidewalk improvements, was certain amount, held insufficient to fulfill requirement of Code 1923, §§ 2176, 2177, requiring preliminary estimate of cost of projected improvements, which constituted material defect in proceedings affecting technical validity of assessment.

3. Municipal corporations ⬅296(2)—Preliminary estimate of cost of street improvements should give cost of each separate unit for each material suggested in alternative (Code 1923, §§ 2176, 2177).

Under Code 1923, §§ 2176, 2177, requiring preliminary estimate of cost of projected street improvement to be filed, requires estimate showing cost of each separate unit of contemplated improvements, and estimate for each of different materials suggested in alternative for use in proposed construction.

4. Municipal corporations ⬅293(2)—Profile sheet to fix grade of street, though not sufficiently intelligible, will not invalidate proceedings, where professional engineer could read it.

Profile sheet, referred to in preliminary street improvement ordinance for purpose of fixing grade of street, which could be read and understood by professional engineer, though subject to criticism for want of perspicuity, held not sufficiently erroneous to invalidate proceedings.

5. Municipal corporations ⬅304(13)—Municipal authorities are within discretionary power in requiring narrower street in specifications than that provided for in preliminary street improvement ordinance.

Where preliminary street improvement ordinance prescribed paving 15 feet in width, municipal authorities held not to have gone beyond discretionary power in requiring in specifications layer of stone 10 feet in width, since such change would be of weight only in determining cost and beneficial value of improvement.

6. Municipal corporations ⬅293(2)—Preliminary street improvement ordinance, providing for 15-foot pavement along center of street, held to provide for 7½ feet on each side of center line.

Preliminary street improvement ordinance, providing for paving "15 feet wide along the center" of street, held to mean width of 7½ feet on each side of center line.

7. Municipal corporations ⬅511(2)—After quashing assessment for "technical defects," court must hear evidence of expense incurred, which was proper charge against abutting lots; "fundamental defects" (Code 1923, § 2210).

Where street improvement assessment was quashed for technical rather than fundamental

defects in proceedings, it was incumbent on trial court to proceed under Code 1923, § 2210, to hear evidence of expense incurred in making improvements, which was proper charge against abutting lot; "technical defects" being those irregularities or defects which are not fundamental, and "fundamental defects" being omission of appropriate initial ordinance, for notice to property owner, or making of assessment on improper basis.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

J. R. Culver appeals from an assessment for street improvements levied by the City of Hartselle. From a judgment granting Culver's motion to quash the assessment, and denying the motion of the city to render judgment for the amount properly chargeable against the property, the City of Hartselle appeals. Affirmed in part, reversed in part, and remanded.

Statement by SOMERVILLE, J.:

The city of Hartselle levied an assessment for street improvement against the abutting lot owners of Mynatt street, including the lot of J. R. Culver. Culver and others appeared seasonably before the city council and filed numerous objections in writing, which were overruled, and thereupon the assessments were made final. Culver appealed to the circuit court, and the cause was submitted on its motion to quash the assessment; the only evidence adduced being the record of the municipal proceedings and ordinances, and a document from the city clerk's office purporting to be a profile sheet of Mynatt street, as referred to in one of the improvement ordinances.

The preliminary ordinance provided for the paving of a driveway 15 feet wide along the center of Mynatt street, "with water-bound macadam or with slag, as may be determined." This ordinance provided for the construction of concrete sidewalks on some 10 or 12 other streets, and driveways on several other streets, and the estimated cost of all these improvements was stated to be $15,100.

Section 3 provided:

"That said improvements shall be made in accordance with the grades heretofore established, and in accordance with the details, drawings, plans, estimates, and specifications now on file in the office of the city clerk of Hartselle."

Thereafter the city council, by resolution or ordinance, eliminated from the original assessment "all items for excavation and drainage," the expense of which was assumed by the city. Plans, details, and specifications for the roadway construction, without drawings, were filed in the office of the city clerk. These provided, among other things, by section 19:

"(a) After the subgrade has been prepared in accordance with the specifications, No. 1 stone shall be applied evenly, 10 feet wide, which shall not be less than 3 nor more than 5 inches in thickness, after having been thoroughly compacted by rolling. (b) Upon this base course shall be spread a course of No. 2 stone, which shall be approximately 3 inches in thickness after rolling." (c) Provides for rolling, filling, and sprinkling until the coarse stones are well bonded and firmly set. "(d) The finished roadway shall have a thickness of not less than 6 nor more than 8 inches."

The material selected for this construction was "water-bound macadam," and the municipal records recite that the ordained improvements had been completed before the individual assessments were made.

Sample & Kilpatrick, of Hartselle, for appellant.

There is no defect shown in the record warranting the quashal of the assessment. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325. Where no objection is filed before the city council, error in grade ordinance cannot be relied on to quash the assessment. Garner v. Anniston, 178 Ala. 430, 59 So. 654; Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. Where nothing more than a technical irregularity in proceedings is shown, the court should proceed to ascertain and render judgment for the amount properly chargeable against the defendant's property. Code 1923, § 2210; Hood v. Bessemer, supra; Garner v. Anniston, supra.

A. J. Harris, of Decatur, for appellee.

The property owner must be afforded an opportunity to be heard. Code 1923, § 2177. Public improvement proceedings must be strictly construed and substantially followed to foster a line on abutting property. City Council v. Foster, 133 Ala. 596, 32 So. 610; Garner v. Anniston, 2 Ala. App. 389, 56 So. 877; Jackson v. Tucker, 136 Miss. 787, 101 So. 708. An estimate of the cost must be made before final confirmation of the improvement ordinance, and no estimate can be made until there has been a selection of materials. Garner v. Anniston, supra; Chicago v. Nodeck, 202 Ill. 257, 67 N. E. 39; 2 Page & Jones on Taxation, 817; Whittaker v. Deadwood, 23 S. D. 538, 122 N. W. 590, 139 Am. St. Rep. 1081; 28 Cyc. 986; Kirksville v. Coleman, 103 Mo. App. 215, 77 S. W. 122. Failure to comply with the statutory requirement as to filing plans and specifications renders subsequent proceedings invalid. Code 1923, §§ 2176, 2177; 2 Page & Jones on Taxation, 821, 822, 867. The grade of the street must be fixed by ordinance. Code 1923, § 2181; Birmingham v. Coffman, 173 Ala. 213, 55 So. 500, Ann. Cas. 1914A, 887; 2 Page & Jones, on Taxation, 862. The profile sheet is not sufficient. Sloss Co. v. Smith, 175 Ala. 260, 57 So. 29; State v. Clarke, 69 Conn. 371, 37 A. 975, 39 L. R. A. 670, 61

Am. St. Rep. 45. Where any objection is made before the council, it saves the case from the statutory estoppel, and objections may be made in the circuit court on any grounds. Wilson v. Russellville, 209 Ala. 617, 96 So. 870; Hood v. Bessemer, 213 Ala. 225, 104 So. 327. Failure to select materials, to make an estimate of cost, to adopt and file definite plans and specifications, and to pass a grade ordinance, affect the substantial rights of the defendant, and the proceeding was properly abated as to him. Garner v. Anniston, supra.

SOMERVILLE, J. In support of the action of the trial court in quashing and annulling the assessment for street improvement—a macadamized roadway—made by the city council of Hartselle against the abutting property of appellee, counsel for appellee contend that the municipal proceedings were fatally defective in four particulars: (1) In confirming the preliminary resolution and ordaining the improvement before the selection of the character of the improvement—that is, whether it should be of water-bound macadam or of slag; (2) in failing to make any preliminary estimate of the cost of the improvement; (3) in failing to prepare and file plans and specifications of the work that were sufficiently definite and informatory; and (4) in failing to pass a grade ordinance before the improvement was finally ordered, or at any other time.

[1] 1. In cases recently before this court it has been several times held that, in preliminary improvement ordinances of this character, several different kinds of paving material might be specified in the alternative, as the material to be used, from which a selection would be seasonably made; particularly where the materials named are of the same general nature. Sanders v. City of Troy, 211 Ala. 331, 100 So. 483; Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317. This is now, in fact, expressly provided for by section 2180 of the Code. In this respect the ordinance here presented was clearly unobjectionable.

[2] 2. A preliminary estimate of the cost of the projected improvements, along with other details, must be made and filed in due season for the inspection and information of property owners, before finally ordering the improvements. Code, §§ 2176, 2177. The only estimate that appears to have been made in this case was a declaration, incorporated in the preliminary ordinance, that the cost of this particular improvement on Mynatt street, along with two other roadway improvements, and concrete sidewalk improvements on 10 other separate streets, amounted in gross to $15,100.

[3] In order to serve the purpose of the statute, and to inform property owners approximately of the burden to be imposed on their property, an estimate should be made and filed showing the cost of each separate unit of the contemplated improvements, and where different materials, in the alternative, are suggested for use in the proposed construction, the estimate ought to be for each of those materials. Anything short of this would be practically valueless, as indicated by the record in this case, showing that the cost of the macadam paving was $3.28 per cubic yard, while the cost of slag and cinders was only $2.

We conclude that there was no estimate here of the cost of this particular improvement on Mynatt street, within the purpose and requirement of the statute Code, § 2176), and that its omission was a material defect, affecting the regularity of the proceedings, and hence affecting the technical validity of the assessment as made.

[4] 3. It is doubtful if the profile sheet referred to in the ordinance for the purpose of fixing the grade of Mynatt street is, on its face, sufficiently intelligible for the purpose intended, though doubtless it can be read and understood by a professional engineer. We would not, however, hold that its imperfection would, of itself, be sufficient to invalidate the proceedings, though it is subject to serious criticism for want of perspicuity.

[5] 4. Numerous features of the plans, details, and specifications adopted for the macadam roadway improvements are pointed out as being obscure, incomplete, or insufficient, to such a degree as to invalidate the assessment. While some of these features may be subject to criticism, we do not think that any of them is of invalidating consequence, we note, especially, the objection that, while the ordinance prescribes a paving 15 feet in width, the specifications call for a layer of stone, before rolling, 10 feet in width. Such a change as this by the municipal authorities is not beyond their discretionary power in the premises, and would be of weight only in determining the cost and beneficial value of the improvement, though it might invalidate the assessment as for the amount actually charged. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325 (7) (8).

[6] The objection that the location of the paving on the roadway is not specified is without merit, since a paving "fifteen feet wide along the center" of the street plainly means a width of 7½ feet on each side of the center line.

Under our view of the case, as pointed out above, the trial court did not err in ordering that the assessment against appellee be quashed.

[7] But, notwithstanding the defects noted in the proceedings, we are of the opinion that it was incumbent upon the trial court to proceed, under section 2210 of the Code, to hear evidence that the municipality had incurred expense in the making of these improve-

ments, which was a proper charge against the lot, and, upon satisfactory proof thereof, to render judgment for the amount properly chargeable in that behalf.

The practical construction given to this provision of the Code in our former decisions is that those irregularities or defects which are not *fundamental* are "technical," within the meaning of the statute. By "fundamental defects" we mean the omission of an appropriate initial ordinance authorizing and declaring the improvement; the omission of notice to the property owner, with opportunity to appear and make objections; and the making of the assessment upon any other basis than the increased value of the property by reason of the special benefits derived from the improvement. Garner v. City of Anniston, 178 Ala. 430, 435, 436, 59 So. 654; Hood v. City of Bessemer, 213 Ala. 225, 227, 104 So. 325. In the instant case the fundamental requirements were duly observed, and the statute (section 2210) should be applied.

The judgment of the circuit court will be affirmed as to the quashal of the assessment, and reversed as to refusing to proceed under the statute, as indicated.

Affirmed in part, reversed in part, and remanded.

All the Justices concur, except BROWN, J., not sitting.