(122 So. 448)

## HAMRICK v. TOWN OF ALBERTVILLE.
### · (8 Div. 74.)

Supreme Court of Alabama. May 9, 1929.

Rehearing Denied May 30, 1929.

466

Claud D. Scruggs, of Guntersville, and E. O. McCord & Son, of Gadsden, for appellant.

470

W. R. Bradford, of Albertville, and O. D. Street & Son, of Birmingham, for appellee.

THOMAS, J. The appeal is from assessments for municipal street improvements under section 2174 et seq., Code, and was taken by the property owner as the party aggrieved by the decision of municipal authority. Section 2204, Code; Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317; Id., 218 Ala. 282, 118 So. 467.

It is insisted by appellee's counsel that, if it be found that technical errors intervened, the trial was upon the facts as to special benefits, by reason of the improvements, under section 2210 of the Code; that is, provisions of the statute in the nature of a reassessment. City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Ex parte Hill, 194 Ala. 559, 69 So. 598; Decatur Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509. This issue was made on the trial and submission thereon by the court to the jury.

The city acting under general municipal powers was not required to show affirmative election to come within the provisions of the Municipal Code, §§ 1739, 1740, 2174, et seq., Code. The record shows the municipality was in the exercise of such well-recognized corporate functions and powers under the law. Cooper v. Valley Head, 212 Ala. 125, 101 So. 874; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. Old charter provisions were supplanted by the municipal code (City of Birmingham v. Brown, 13 Ala. App. 654, 69 So. 263; Lewis v. Jenkins, 215 Ala. 680, 112 So. 205; §§ 1739, 1740, 1992, 2012, Code), or by some of its provisions.

The appeal being taken under the statute, section 2204 of the Code, to the circuit court, the pleading therein was the certified transcript of the proceedings had in the municipal court. The transcript was duly authenticated by its clerk and bore a prima facie evidentiary effect as to the correctness of the assessment purported to have been made. Stovall v. City of Jasper (Ala. Sup.) 118 So. 467.[1] The questions for decision in that appeal are: (1) The actual costs of the public improvement that are properly and lawfully assessable as a special benefit to appellant's lot or parcel of property sought to be subjected to the assessment; (2) and whether the amount so assessed was excessive and not for the increased special benefits derived from the improvement. Stovall v. City of Jasper, supra.

This right of judicial inquiry and appeal in the circuit court of what transpired on municipal hearing was necessary to a due process in the premises. Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; Stovall v. City of Jasper (Ala. Sup.) 118 So. 467;[1] City of Tuscaloosa v. Hill, 194 Ala. 559, 69 So. 598; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; Cox v. City of Birmingham, 214 Ala. 584, 108 So. 625; Id. 21 Ala. App. 341, 108 So. 622.

And defects or errors in notice, or other proceedings, before or subsequent thereto, with respect to one or more interested persons, shall not affect the proceedings, "except in so far as it may touch the interest or property of such person" and "shall not avail any other person concerned"; and "supple-

---

[1] 218 Ala. 282.

mentary proceedings of the same general character as those hereinbefore prescribed may be had in order to supply such defect." Section 2195, Code. See, also, section 2210, Code; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900.

The property of defendant (lot 1, block 1 in the survey of the town of Albertville) was located 75 feet on Scott avenue by 200 feet on Broad street. His dwelling faced the latter thoroughfare which was paved. The evidence of defendant was to the effect that he occupied the property or parcel of land at the corner of Scott avenue and Broad street as his home, and the dwelling was located on lot 1. And over his objection was shown that his orchard or garden was on lot 2 on Scott avenue, and his stable or garage was on the east half of lot 3 on Scott avenue, and that they all joined. The objection of defendant was that the fact of ownership, use, etc., of lot 2 and the east half of lot 3 tended to prejudice the jury as to making a proper assessment against lot 1; that is, tended to confuse the special benefits of lot 1 with other lots, and thereby in practical effect to impose upon lot 1 an additional burden of special resulting benefits in which his two other adjacent lots, if they are considered by reason of temporary use with the dwelling located on lot at the time the pavement and improvement were made.

The fundamental requirements of the statute and those of mere technical defects are stated and differentiated in City of Hartselle v. Culver, 216 Ala. 668, 671, 114 So. 58. █ The contract for paving, under the ordinances, was on the unit basis, and lawful expenses as per special benefit ascertained and apportioned to the street improved and to the abutting properties—lots and parcels of land—benefited and subject to costs of such improvement. Stovall v. City of Jasper (Ala. Sup.) 118 So. 467;[1] City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Albany v. Spragins, 208 Ala. 122, 93 So. 803. The assessment to be made under Constitution, § 223, and statute, section 2190 et seq., Code, contemplated that each lot or parcel of land should be separate and distinct from other tracts. City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900; Decatur v. New Decatur, 198 Ala. 293, 73 So. 509. █ The "increased value *of such property* by reason of the special benefits derived from such improvements," as declared in section 223 of the Constitution, means the superadded special value expressed in dollars and cents (Duke v. City of Anniston, 5 Ala. App. 348, 351, 60 So. 447, 448) "by reason of the special benefits derived from such improvements," as affecting the abutting "property * * * on such street or sidewalk so paved, or drained by such sewers, *in excess* of the increased value of *such property*," etc. The inquiry of what property is assessable as to

each separate lot or "each parcel of land" was answered in Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900; Wilson v. Russellville, 209 Ala. 617, 96 So. 870; Bailey v. Levy, 213 Ala. 80, 104 So. 415; Hood v. Bessemer, 213 Ala. 225, 104 So. 325; Board of Com'rs of City of Mobile v. Moore, 214 Ala. 525, 108 So. 568. The effect of the improvement on other property than the lot or parcel of land sought to be subjected to the municipal assessment is res inter alios acta. City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; Ex parte Hill, 194 Ala. 559, 69 So. 598; Board of Com'rs of City of Mobile v. Moore, supra; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405.

█ There was error in pressing the cross-examination of defendant as to the facts of his ownership and use of his other lots or parcels of land not adjacent to the street paved and not sought to be assessed for the municipal improvement. That is to say, public improvement was made only on the street covered by the ordinance, and only lot 1 abuts on this street; the assessment was made by the city only against lot 1 and not against lots 2 and 3. The owner of these lots should not have been asked the question as to the use which was made of lots 2 and 3; as the inquiry was irrelevant, immaterial, and incompetent. The only question presented for determination was the extent to which lot 1 was specially benefited or damaged by reason of the improvement made by the city. The use to which lot 1 was actually being put at the time of the improvement is not determinative of this question of its said increased value; but for the purpose of determining that increased value of this particular lot, not only the actual use but the possible uses as well are proper to consider. This is illustrated in the case of Sloss-Sheffield Steel & Iron Co. v. City of Birmingham, 201 Ala. 542, 78 So. 896, where an assessment was made against a lot which was covered by a slag pile, and said lot was actually used for no other purpose. It was urged that it was not benefited by the public improvement of the street abutting the same; the court held that the use that was then being made of the lot was not determinative of this question, but the uses which could be made of the same were to be considered in that ascertainment.

█ The trial court indicated that, if a technical irregularity or severable illegal items were included in an assessment, they may be corrected or eliminated on the trial of the appeal in the circuit court. Such was the purpose of section 2210, Code; City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Hood v. Bessemer, 213 Ala. 225, 104 So. 325. And the illegal item of commissions as attorneys' fees being separate and severable was eliminated, and the judgment of the circuit court corrected in this court on appeal in the

[1] 218 Ala. 282.

case of Stovall v. City of Jasper (Ala. Sup.) 118 So. 467.[1] Appellant insisted, at every stage of the proceedings against his property, that the several items of attorneys' commissions were improper charges against his property. He also objected to the transcript for the reason that these commissions for attorneys' fees were for several ordinances and services not apportionable to the ordinance under which appellant's property was improved. The court overruled the objection, and exception was reserved. The issues of fact in such a case are well understood and need not be restated. Stovall v. City of Jasper, supra; City of Hartselle v. Culver, supra.

Under the issues made by the transcript from municipal action, certified and filed in the circuit court, and there to be retried, the defendant appellant objected to the proceedings, "each separately and severally, First, because the transcript shows on its face that there is a contract which was entered into by the Town of Albertville and Orr and Bradford as attorneys to pay them a commission of 2½%; that it provides that the contract is for services by them in preparing and passing on all ordinances, notices, advertisements, contracts, bonds, warrants, estimates, assessments, and other matters pertaining to the street improvements, and to do and to perform such other services as attorneys as may result from said street improvements, or shall arise in connection therewith, where said Town may become a party; that it is an entire and not a severable contract, made under three separate ordinances and includes pay for services under three separate ordinances, and pay for services other than services lawfully chargeable as attorney's fees as against this property; that it shows on its face that the amount of costs of the construction of these improvements cannot be ascertained and that if the costs cannot be ascertained the property cannot be lawfully assessed for the costs; that it does not make a prima facie case. Thereupon the Court overruled this part of the defendant's objection to the introduction of evidence of each of said papers, each separately and to this action of the Court as to the introduction of each of the above described papers, each separately and severally, defendant then and there duly excepted."

The objection as overruled and exception reserved thereto should have been sustained as to the contract of the municipality with attorneys for 2½ per cent. commission. The overruling of objection to the introduction in evidence of "said papers" was on "the further grounds that said transcript shows that the Town sold Eighty Thousand Dollars worth of bonds to a bonding company and paid them for services as attorneys, an additional sum of four and seven-eighths per cent. of Eighty Thousand Dollars, when they had already contracted to pay other attorneys for that work." And in this ruling there was error as to the contract for attorneys' fees. Stovall v. City of Jasper (Ala. Sup.) 118 So. 467, 470[6].[1]

The evidence showed that Ward-Sterne & Co. purchased the bonds and were not mere brokers to negotiate the sale. The question to Mr. Steiner was: "What would be a reasonable charge for Ward-Sterne and Company or a firm of their character and standing to undertake to handle municipal bonds issued for street improvements in the amount of $60,000.00 to $70,000.00, an issue of around sixty to seventy thousand dollars for street improvements where Ward-Sterne, who undertook to handle the proposition, agreed to furnish the bonds blank ready for signature, and seal, and such forms and ordinances and legal proceedings as might be necessary in connection with the bonds, and that they would undertake to procure an approving opinion of a nationally known bond attorney; now what in your judgment, what would be a reasonable compensation or commission for a firm of that kind to undertake to handle an issue of that size and to do the work specified I have just read. What would be a reasonable commission as compensation for that work?

"The defendant objected to the question because it is irrelevant, illegal, incompetent and because the witness is not competent to testify as to what an attorney with a national reputation as a bonding attorney would be worth because the witness is not an attorney, and because the witness is not a bonding attorney, and because the witness is not an expert qualified under their rules to so testify. The Court overruled the objections and to this action of the Court the defendant excepted.

"The witness answered: 'Anywhere from $3,500.00 to $4,500.00.' "

The objection should have prevailed; the statute contemplates no such item of expense against the property. Contracts on unit bases are severable and assessable under several ordinances. Stovall's Case, supra.

The fact that the assessment rolls for a limited period were taken from the clerk's office by individuals or officials, without authority of the municipality, to the office of the engineer, had not the effect of annulling an assessment based thereon and duly made. It was shown to have resulted in no prejudice to appellant's property rights.

If the facts and value of the improvements, as touching appellant's lots, were to be tried in the circuit court under section 2210 of the Code (Acts 1927, p. 768, § 39), any technical irregularity committed on the part of the clerk or engineer would not defeat a recovery. So of the action of the engineer in making slight corrections in his calculation of first estimates as to the charges to be made

against appellant's lots. This was within the time for making the assessment. It was not even a technical irregularity, if done before final action. Cox v. City of Birmingham, 21 Ala. App. 341, 343, 108 So. 622, if the assessment roll was corrected before the final resolution of the town council, it had the effect of supplying and correcting defects or inaccuracies of ordinances and assessments as provided by section 2195 of the Code. After final action by the municipality, as to appellant and his lots, any errors that intervened may not be corrected by the clerk or engineer; only such action may thereafter be taken as is provided by law. Section 2199, Code; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900; Hood v. Bessemer, 213 Ala. 225, 104 So. 325; Bailey v. Levy, 213 Ala. 80, 104 So. 415.

There was no abuse of discretion by the court in excusing from the rule the mayor of the town. He was its executive head, and his counsel on due motion should have been permitted to be given the benefit of his presence at the trial. And there was no error in enforcing the rule as to the witness Abercrombie, who was called to testify of the fact of values; it was within the sound discretion of the court to exclude him, for the reason of his being in court as a juror for the week and had not been a juror on panel—engaged in the trial of Hamrick's case.

There are several assignments of error as to the rulings on admission and rejection of evidence, as to the use, situation, location, etc., of appellant's properties. On another trial the inquiry of facts should be confined to the lot or parcel of land sought to be assessed, its condition, use, and value, egress and ingress, and condition of these approaches, its damage or special benefits for the use to which it is adapted and by reason of the municipal improvements stated or translated in money values. To that end, the inquiries as to dust in dry weather, the drainage or the lack thereof in time of usual rainfall or flood, the fact that the grade was reduced or increased, and that the change required the destruction of other pavement that had been placed or paid for by the owner, etc., are pertinent and enter into the ascertainment of damages or special benefits.

It is competent to show a community of interest, if it exists, and any material fact tending to show the bias, prejudice, or interest of witnesses. The jury are entitled to such fact to properly consider the testimony of such witnesses. Ex parte State (In re Johnson v. State) 199 Ala. 255, 74 So. 366; Stahmer v. State, 125 Ala. 72, 27 So. 311.

The original record or plat book kept in the probate office of the county, as affecting the locus in quo, was competent evidence. Copies thereof, duly authenticated or proved by the statute to be certified transcripts, are authorized to be admitted in evi-

dence. The record shows: "The defendant then offered in evidence page 27 of the Plat Book that is kept in the Probate Office of Marshall County, showing an addition to Deitz Brothers Survey by J. T. Moore, that is Plat 1, page 27 as filed on the 7th day of February, 1901, in the Probate Office and recorded on February 23rd in the Probate Office." The objection was that it was a copy and not the original record. The court said: "You will have to prove it is the original record then," and the defendant excepted "to the action of the Court in requiring him to prove that page 27 of the Plat Book as kept in the Probate office of Marshall County, showing an addition to Deitz Bros. survey by J. T. Moore, in Plat Book 1, as filed on February 7th, 1901, and recorded in the Probate Office of Marshall County, Alabama, is the original record, said page of said Plat Book is in words and figures as follows, to-wit." The required preliminary proof should have been made. Ramage, Parks & Co. v. Folmar, ante, p. 142, 121 So. 504; Code, §§ 7681, 7719, subd. 9; Stevenson v. Moody, 85 Ala. 33, 4 So. 595.

The witness Roberts, having testified of value, stated he was a taxpayer, the owner of real property in the municipality, and did not "own a good deal of property," and "had a business too," was sought to be further cross-examined by the inquiry as to "How much real estate have you in the city?" The plaintiff's objection was properly sustained; it sought to unduly cross-examine the city's witness.

A proper way to show the money value of special benefits by reason of the improvement is to allow a witness to state the value of the specific property before and after the improvement, and that this be taken with *all the other evidence or matters contributing to increase or diminution of its value by reason of* said improvement. There was no error in refusing defendant's charges 11 and 89. Stovall v. City of Jasper (Ala. (Sup.) 118 So. 467, 472;[1] Huntsville v. Pulley, 187 Ala. 367, 65 So. 405. They were involved and went too far. Such a witness should, however, be shown to have knowledge of the property and its value.

The value of a special benefit of an improvement is not to be based upon the fact that it will amount to a given rate or percentage of increased rentals. And there was no error in declining to allow defendant's witness Wakefield to answer the question propounded—Whether the improvements would pay 8 per cent. upon the cost price as assessed for the improvement?

The argument of counsel, that the jury should look to the future with reference to the city's growth, was improper. The consideration of facts being tried should be confined to the time and condition of the proper-

ty and the special benefits thereto by reason of the improvement, without embarrassment of future conditions, or by speculations.

It was a pertinent inquiry of the actual cost of construction that was assessed to the improved properties as special benefits accruing thereto. And the question should have been answered by the town clerk, Hooper, as to whether or not $10,000 of the funds or proceeds of sale of said bonds in question, assessed against this and other properties on said street, were expended in other improvements at other points in the municipality, where the defendant's property was not benefited nor assessable. There was error in sustaining the objection of plaintiff. Hood v. Bessemer, 213 Ala. 225, 104 So. 325; Albany v. Spragins, 208 Ala. 127, 93 So. 803; Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Stovall v. City of Jasper (Ala. Sup.) 118 So. 467;[1] Board of Com'rs of City of Mobile v. Moore, 214 Ala. 525, 108 So. 568. There was error in refusing defendant's charges 1, 3, and 10.

There was no reversible error in showing that the city had paid the assessments (including that against appellant's property), incurred in making the improvement and paving alongside appellant's property, made the subject of the suit. Section 2210, Code.

There was no error in the portion of the general charge instructing that the terminal points of the improvements be designated "with reasonable certainty as every man will know whether his property is within the limits fixed by the ordinance." That does not mean it "shall be exact to a foot," but shall be "given substantially where the property to be assessed begins * * * and where it ends, of any particular street, to some designated point at each end. * * * If * * * it was shown to be reasonably ascertained where these points were that is all the city had to do" to designate or meet the requirements of definiteness as to terminal points.

There were no reversible errors in the refusal of defendant's charges asserting the proposition that members of the city council may not vote for improvements on streets on which they, with others, owned abutting property, and that such participation rendered the assessments that were made void. Given charge 5 for the city was without error. A different rule would prevent a needed improvement upon a highway on which a city official held abutting property. The members participated in the proceedings as a governmental act not affected by "special financial interest" in making assessments on the lands of another, which is forbidden. Section 1913, Code. The members of the city council were not affected with a "special financial interest" (in making the assessments on another's land) which is denied by section 1913, Code.

[1] 218 Ala. 282.

The city's charges 6 and 7 were properly given under section 2176, Code, as to the initial ordinance for bids on alternative materials. Stovall v. City of Jasper, supra; Sanders v. Troy, 211 Ala. 331, 100 So. 483; Schwend v. City of Birmingham, 215 Ala. 491, 111 So. 205.

Given charge 8 for the city limited deductions to 2½ per cent. as attorneys' commissions when the evidence before the jury showed other attorneys' fees were embraced in the cost price, without making the same competent by showing such charge was a reasonable and necessary charge. Charge 8 was erroneous or misleading, as we have indicated.

Defendant's refused charges 83, 85, and 87, requiring a verdict for the defendant, should not have been given, even though the inquiry of fact was under section 2210, Code, and under satisfactory proof that expense had been incurred by the city, which is a proper charge against the lot or land in question for said amount so ascertainable, a verdict may be for plaintiff.

The requirements of due process were shown by a sufficient notice, reasonable opportunity to be heard upon the issues presented under reasonable rules and regulations pertaining to such ascertainment of fact, and judgment rendered. Sections 2193, 2197, Code; Stovall v. City of Jasper, supra; City of Hartselle v. Culver, supra. The municipal adjournments, if taken in open court, bound the defendant, since he had received the required original notice and was in court.

The evidence is in sharp conflict as to whether or not the proceedings and adjournments taken were in open or executive session. There was error in refusing defendant's charge No. 90. Its hypothesis was that if, during the consideration by the city council of the objections to his assessment, continuances were made in "secret session" to "another date upon which the assessment was made final" against him and without notice, and if such secret continuance without notice was taken, it was immaterial that the final action against defendant was in "open session of the council." The city could not recover the assessment so made without due process as to that defendant. Such a hearing is contrary to law. Ann Code 1928, §§ 5254–5255.

"No executive or secret session shall be held by any of the following named boards, commissions or courts of Alabama, namely: * * * any city commission or municipal council, or * * * except that executive or secret sessions may be held by any of the above named boards or commissions when the character or good name of a woman or man is involved." Section 5254, Code 1923, Acts 1915, p. 314, § 1.

The court properly overruled the motion to take the case from the jury. We are of opinion that the case should be retried under

section 2210 of the Code. Whether or not defendant is chargeable with interest, see Stovall v. City of Jasper (Ala. Sup.) 118 So. 467.[1] The costs incurred in the lower court be taxed against the municipality. Sections 2209, 2210, Code, as amended Acts of 1927, p. 768, §§ 38, 39. The costs of this appeal, including that of making this transcript, are taxed against the city.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

