HARRINGTON *v.* CITIZENS' INVESTMENT & SECURITY
COMPANY.

Opinion delivered October 8, 1923.

BILLS AND NOTES—FAILURE OF CONSIDERATION—RENEWAL.—The giving of a renewal note with the knowledge at the time of the failure of the consideration for the original note, waives such defense, and the maker is thereby estopped from pleading such failure in an action on the renewal note.

Appeal from Pulaski Chancery Court; *Marvin Harris,* special chancellor; affirmed.

STATEMENT OF FACTS.

The Citizens' Investment & Security Company instituted this action in the circuit court against W. E. Harrington to recover upon a promissory note for $1,000.

The defendant pleaded a failure of consideration for the note, and moved to transfer the case to equity. By agreement between the parties the case was transferred to equity and determined there.

It appears from the record that the note sued on was executed under the following circumstances:

The Citizens' Investment & Security Company was a banking corporation with $25,000 paid-up capital, engaged in business in the city of Little Rock, Arkansas. Its officers thought its capital was not sufficient to operate profitably, and planned to enlarge its capital stock to

$100,000, and to change its name to Citizens' Trust Company. The plan was to get subscribers for the additional stock, and, when the capital stock was raised to $100,000 by subscriptions, to issue the stock in the name to the Citizens' Trust Company to the subscribers. W. E. Harrington was induced to subscribe for $1,000 of the stock at par value and to pay therefor $1,100. Harrington paid $100 in cash for the stock and gave his note for $1,000 to the Citizens' Investment & Security Company for the balance of the purchase price of the stock. Harrington subscribed for the stock in 1914, and it was understood that his subscription was conditional upon the stock of the Citizens' Investment & Security Company being enlarged from $25,000 to $100,000. The officers of the corporation were unable to secure subscriptions to $100,000, but did secure subscriptions which increased the capital stock from $25,000 to $75,000. The officers of the Citizens' Investment & Security Company then secured from the State Bank Commissioner permission to increase its capital stock from $25,000 to $75,000, but the name of the corporation was not changed.

On May 31, 1915, R. E. Waite, president of the Citizens' Investment & Security Company, wrote W. E. Harrington a letter in which he recited substantially the facts stated above. In the conclusion of his letter he stated that the corporation had passed a resolution, with the full knowledge and approval of the State Bank Commissioner, authorizing the corporation to increase its stock from $25,000 to $75,000. The note sued on was dated March 6, 1916, and was a renewal note of the original note given by Harrington when he subscribed for the stock as above stated.

It was decreed that the Citizens' Investment & Security Company have and recover from the defendant, W. E. Harrington, the amount of the note sued on, together with the accrued interest.

To reverse that decree, W. E. Harrington has duly prosecuted an appeal to this court.

*D. K. Hawthorne,* for appellant.

Where one subscribes for stock in a proposed corporation which is not organized, he is not bound by his subscription. 121 Ark. 541; 24 L. R. A. 259; 33 L. R. A. 593. Also, where one subscribing for stock in a corporation, to be called a certain name, with a certain amount of capital stock, he is not bound by his agreement to take stock in a corporation with a different name and a lesser amount of capital stock.

*McConnell & Henderson,* for appellee.

The right of a party to rescind depends upon his own affirmative action as soon as he knows of that right. 95 Ark. 488. It must be within a reasonable time. 35 Ark. 483; 38 Ark. 334. The contemplated change of the name of the corporation did not diminish defendant's liability. 14 Corp. Jur. 321, par. 386; Am. & Eng. Anno. Cases, vol. 19, p. 1236; 141 U. S. 520; 12 S. Ct. 60; 31 Ark. 476. The defendant could not vary the written subscription agreement by parol testimony. 126 Ark. 400; 92 Ark. 504; 125 Ark. 502; 111 Ark. 238; 106 Ark. 462; 92 Ark. 504. The burden was on appellant to establish his allegations of fraud by clear and satisfactory evidence. 82 Ark. 21. The evidence wholly fails to establish fraud. 47 Ark. 148; 150 Ark. 480; 148 Ark. 653; 226 S. W. 522; 143 Ark. 592; 95 Ark. 375. One who gives a note in renewal of another note, with knowledge at the time of partial failure of consideration for the original note, is estopped from setting up the defense of such failure of consideration, in an action on the renewal note. 111 Ark. 353; 118 Ark. 465; 104 Ark. 517.

HART, J., (after stating the facts). It has been held by this court that the giving of a renewal note with the knowledge at the time of a failure of the consideration for the original note waives such defense, and the maker is thereby estopped from pleading such failure in an action on the renewal note. *Stewart* v. *Simon,* 111 Ark. 358, and *Haglin* v. *Friedman,* 118 Ark. 465.

It is true that the consideration for the original note failed because the note was given upon the condition that the capital stock of the Citizens' Investment & Security Company should be increased from $25,000 to $100,000. This was not done. The capital stock of the bank, however, was increased to $75,000, with the approval of the State Bank Commissioner. Harrington was notified of this fact, and that his subscription as originally made had been applied to increase the capital stock of the bank from $25,000 to $75,000. After he received notice of this fact by letter, he signed the note sued on in renewal of his original note.

Hence the case calls for the application of the rule announced above, and the decree of the chancery court will be affirmed.