CITIZENS' INVESTMENT & SECURITY COMPANY v. DANIEL.

Opinion delivered October 13, 1924.

BILLS AND NOTES—FAILURE OF CONSIDERATION—RENEWAL.—The giving of a renewal note without the knowledge at the time of the failure of the consideration for the original note, does not waive such defense, and the maker is not thereby estopped from pleading such failure in an action on the renewal note.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*McConnell & Henderson,* for appellant.

Defendant had no right to rescind the contract. To do so he must return or offer to return the stock. Fletcher, Cyc. on Corp., vol. 6, p. 6555, par. 3880: he cannot do so if guilty of laches, § 6557, nor if he has ratified the transaction by accepting a dividend or a renewal of a note. The offer to rescind comes too late. 35 Ark. 483; 38 Ark. 334. For other authorities on rescission, see 137 Ark. 574 and 7 R. C. L., § 211. Defendants cannot vary the written subscription agreement by parol. 126 Ark. 400; 92 Ark. 504; 125 Ark. 502; 111 Ark. 238; 106 Ark. 462. Appellees are estopped from setting up failure of consideration of the note. One who gives a note in renewal

for another note, with knowledge of a partial failure of consideration for the original note, cannot plead estoppel. 111 Ark. 353; 118 Ark. 465. They could not speculate on the success of the company, participate in its affairs, receive dividends, etc., and then plead failure of consideration. See 104 Ark. 517. Under the same state of facts this court held a subscriber liable to the same company on a similar contract. 160 Ark. 320.

*R. W. Robins,* for appellee.

The case (160 Ark. 320) relied on by appellant is not like the case at bar. There the subscriber was notified of the change in plans of the company, but here the appellees received no such notice or information. On the other hand, they were led to believe that the original plans were being carried out. There was therefore here a failure of consideration for which the note was given, and no liability can be imposed upon appellees. 48 Ark. 426.

SMITH, J. It is insisted, for the reversal of the judgment in this case, that the finding of facts upon which the judgment was based is unsupported by the testimony; and, further, that the case is similar to and is controlled by the case of *Harrington* v. *Citizens' Inv. & Sec. Co.,* 160 Ark. 320. This case, like the Harrington case, was one to enforce a stock subscription, the appellant here being the plaintiff in both cases.

As appears from the statement of facts in the Harrington case, it was alleged, and testimony was offered tending to show, that, while the plaintiff investment company solicited and received subscriptions upon the representation that it proposed to increase its capital stock from twenty-five thousand to one hundred thousand dollars and to reincorporate as a trust company, this plan was not consummated because sufficient subscriptions were not received for that purpose. In the Harrington case the fact is recited that Harrington was advised of this failure, and that his subscription as originally made had been applied to the increase of the capital stock of the investment company from twenty-five

thousand to seventy-five thousand dollars, and that, after the receipt of this notice, he executed a renewal of his original note. Upon this finding we applied the familiar rule that the giving of a renewal note with the knowledge, at the time, of the failure of the consideration for the original note, waives that defense, and the maker is thereby estopped from pleading such failure in an action on the renewal note.

It is conceded that the subscriptions were obtained upon the representation that a trust company was to be formed when subscriptions for one hundred thousand dollars were obtained, and that this subscription was not obtained.

It is contended by appellant that appellees had knowledge of this failure, and that the investment company had determined to treat the subscriptions which had been received as subscriptions to be applied to the increase of its capital stock from twenty-five thousand to seventy-five thousand dollars. If such were the facts, the case would be similar to and controlled by the Harrington case.

But here the facts are by no means undisputed. On the contrary, appellee, Mrs. Mary F. Daniel, the subscriber, testified that she was never advised that the plan to organize a trust company had been abandoned, and, while she admits renewing the note, she testified that she was assured at the time of each renewal that the plan would be finally consummated; that it was always understood that she was subscribing, not for a part of the increased capital stock of the investment company, but for stock in a trust company, and that the trust company was never organized, and the consideration for the note therefore failed.

The answer recited that the subscription had been obtained by fraud and misrepresentation; but upon these allegations the court made no finding. But the court did expressly find that the consideration for the note had failed; that the plaintiff investment company had contracted with the subscribers to perfect the organi-

zation of a trust company, which it failed to do, and that appellee was not advised of the abandonment of the plan when she renewed the note; and the testimony of appellee is legally sufficient to support that finding, which was made by the court sitting as a jury, and, this being true, we do not stop to inquire whether that finding was contrary to the preponderance of the evidence, and, if such was the fact, she was not estopped to plead failure of consideration.

Certain other questions are raised in the briefs, but the view we have expressed renders it unnecessary to discuss them in this opinion.

The judgment is therefore affirmed.