THOMAS v. ARKANSAS STATE FAIR ASSOCIATION.

Opinion delivered May 5, 1930.

*Philip McNemer*, for appellant.

*A. L. Rotenberry*, for appellee.

McHANEY, J. In 1924, appellant signed a subscription agreement for the purchase of $250 of the capital stock of appellee. The subscription agreement provided that the amount might be paid in installments, and that upon full payment off the purchase price, "the Fair Association will issue and deliver to the undersigned the number of shares hereby subscribed for, which shall be fully paid and nonassessable." Appellant, either at that

time or later paid $50 which was credited thereon leaving a balance of $200. On February 14, 1925, he executed and delivered to appellee his promissory note for such balance, payable October 1, 1925, with interest from date at 8 per cent. to maturity and thereafter at 10 per cent. No part of this note has ever been paid, and forms the basis for this litigation. Judgment was rendered against appellant in the municipal court and in the circuit court on appeal.

The contention relied upon here, as also in the circuit court, is that the note is void because given in payment for stock in a corporation, as being in violation of § 8, art. 12, Const. 1874, which provides: "No private corporation shall issue stocks or bonds, except for money or property actually received or labor done," etc. Our cases, *Bank of Commerce* v. *Goolsby,* 129 Ark. 146, 196 S. W. 803; *Bank of Dermott* v. *Measel,* 172 Ark. 193, 287 S. W. 1017; *Bank of Manila* v. *Wallace,* 177 Ark. 190, 5 S. W. (2d) 937; *Park* v. *Bank of Locksburg,* 178 Ark. 669, 11 S. W. (2d) 483; *Ellis* v. *Jonesboro Trust Co.,* 179 Ark. 615, 17 S. W. (2d) 324; and *Taylor* v. *Gordon,* 180 Ark. 753, 22 S. W. (2d) 561, are cited to sustain the contention. The gist of the rule as stated in all these cases is that a note given to a corporation in payment of its capital stock is void, except in the hands of an innocent purchaser. However, we are of the opinion that neither the section of the Constitution above quoted, nor the rule announced by this court in the cases above cited have any application to the facts in this case. The note sued on here was given, not in payment of stock of appellee, but, as evidence of the balance due on the subscription agreement. It was specifically agreed that the stock would be issued and delivered only upon full payment of the amount subscribed. Appellant did not purchase stock, and appellee did not sell him stock. He signed an agreement which bound him to pay certain moneys at a certain time, compliance with which entitled him to a certain amount of appellee's stock. Such subscription agree-

ments have been held valid by this court. *Snodgrass* v. *Zander & Co.*, 106 Ark. 462, 154 S. W. 212; *Nowlin* v. *Memphis Packing Corp.*, 161 Ark. 294, 255 S. W. 1092; *Harrington* v. *Citizens' Inv. & Sec. Co.*, 160 Ark. 320, 254 S. W. 831. In the Nowlin case *supra*, the court said: "It is true, as contended by counsel for the plaintiff, that parties may make a valid preliminary stock subscription contract which will be enforced according to its terms, just as other contracts are enforced. * * * It is also true that, like other contracts, an agreement to take shares in the capital stock of a corporation may depend upon a condition precedent or subsequent, just as the parties may agree upon, and that they are bound to perform their contract according to their intention as it may appear from the language of the contract," citing cases.

The prohibition of the Constitution is directed against the issuance of stocks or bonds by private corporations except for money, etc. "No private corporation shall *issue* stocks or bonds except for money," etc. The corporation here has not *issued* appellant any stock, and is not going to do so except for money. This is the only question presented by the briefs.

The judgment of the circuit court is correct, and must be affirmed.