# Bevins v. Jefferson Standard Life Insurance Co.

(Decided Dec. 21, 1934.)

J. H. ADKINS for appellant.

L. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This was an action upon a note, the defense being that of fraud in its obtention. At the close of the evidence of the defendant, who had the burden of proof under the issues as formed, the court peremptorily instructed the jury to find for the plaintiff. From the judgment on that verdict, the defendant prosecutes this appeal.

In the fall of 1931, the appellant took out a life insurance policy with the appellee and executed his note for the premium payable to the order of the appellee in the sum of $624.50 two months after its date. When this note fell due in December of that year, it was renewed by the appellant for another 60 days. In Febru-

ary, 1932, when this renewal note fell due, it too was renewed for another 60 days. The note sued on herein is this last renewal note. By his answer, appellant pleaded that at the time he was solicited for this policy of insurance the agent of the appellee represented to him that, after the first premium had been paid on the policy, appellant would have to pay no more premiums, the accumulations under the policy taking care of all premiums thereafter, and that the policy would so provide, whereas this was not true and the policy did not so provide. Appellee denied that any such representations had been made. It developed on the hearing that this policy was delivered to the appellant at least in October, 1931, and he had retained it until this suit was brought the following spring, when he made an attempt to return it to the appellee. In the meantime, as stated, appellant had renewed his note twice, and even at the end had attempted to borrow money wherewith to pay the last renewal note, but, being unsuccessful in that, had taken the stand he did with reference to the alleged fraud.

As grounds for reversal, appellant argues that his demurrer to the petition should have been sustained because it was not signed by the appellee, and he relies on section 115 of the Civil Code of Practice. In the first place, this was no ground for demurrer, but simply gave the appellant the right to require by rule the pleading to be signed, Voorheis v. Eiting, 22 S. W. 80, 15 Ky. Law Rep. 161; and, in the second place, the petition was signed by the attorney for the plaintiff, now appellee, and this is sufficient under the cited section of the Code.

Secondly, it is urged that the court erred in placing the burden of proof upon defendant. There is obviously so little merit in this contention that it need only be stated to demonstrate its fallacy. The execution of the note being admitted, and the defense being that of fraud, the burden was obviously on the defendant. Crabtree v. Atchison, 93 Ky. 338, 20 S. W. 260, 14 Ky. Law Rep. 313.

It is next argued that the court erred in giving the peremptory instruction it did, and that the verdict of the jury under such instruction is flagrantly against the evidence. Of course, the only legal question presented by these contentions is whether or not the court erred in giving the peremptory instruction. Since appellant,

after receiving his policy, not only retained it for more than a reasonable time necessary for its examination, but also executed thereafter two renewal notes for the premium therefor, he could not when sued on the last renewal note rely upon the fraud alleged in the obtention of the first note. Hartford Life Ins. Co. v. Hanlon, 139 Ky. 346, 104 S. W. 729, 31 Ky. Law Rep. 990. Cf. National Life Co. v. Wilkerson's Adm'r, 254 Ky. 459, 71 S. W. (2d) 1034. The court did not err in giving the peremptory instruction it did.

The judgment is affirmed.