**MASON PAINT CO., Inc., Appellant,**

v.

**Eldee SPARROW, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1959.

Earl T. Osborne, Benton, for appellant.

A. Joe Asher, Benton, for appellee.

STANLEY, Commissioner.

We sustain a motion for an appeal from a judgment for the defendant in an action on a promissory note for $1,479.57.

In August, 1953, the appellee, Eldee Sparrow, purchased of the appellant, Mason Paint Company, a shipment of·paint for a store he was then opening in Marshall County. On January 1, 1954, Sparrow executed a six months note to cover his open account. On October 7, 1954, he executed a renewal note. About the time of its maturity, in March, 1955, Sparrow paid $100 on the note. In June following he shipped back to the company the unsold paint. The shipment was rejected and returned to Sparrow and suit on the note was filed.

Sparrow defended the action on the ground that the company had induced him to overstock its paint by a promise to assist in promoting its sale, which promise it had not kept; that it had obtained the original note under a promise that he would not be required to pay it except as he was able to sell the paint; and that he had given the renewal note because it had been endorsed by a friend who would be embarrassed if it were not renewed. Sparrow· had returned the unsold paint as soon as he discovered that he had been deceived. His evidence went somewhat beyond his pleading. According to his testimony there was no outright purchase and sale of the paint, for it was understood he could return and obtain credit for such stock as he was unable to sell.

The plaintiff's evidence is that Sparrow had been its traveling salesman, and it had desired to help him get established by extending the credit and by not pressing him for payment. Copies of invoices show the goods were sold and not placed on consignment. The evidence of the defendant with respect to all charges indicating deceit and misrepresentation was contradicted.

Issues of whether the original and renewed note were obtained by fraud and misrepresentation as to their true purpose and with respect to the promise of promoting the sale of goods and the acceptance of a return of the unsold portion were submitted to a jury. It found for the defendant, Sparrow, and judgment was entered accordingly.

We do not regard the evidence as establishing fraud and deceit. At most it was to the effect that certain promises of what the payee would do in the future were not kept. But if all the appellee's contentions should be considered as established, still, as a matter of law he was precluded from raising them in defense of the action on the note.

Failure to keep a mere promise is not such fraud as will sustain a defense, 10 C.J.S. Bills and Notes § 498, p. 1097, and an oral promise that the maker will not be bound according to the terms of the note cannot defeat its collection. Citizens National Bank of Glasgow v. Damron, 286 Ky. 43, 149 S.W.2d 762.

While fraud and deceit under some circumstances may be a defense to a note,

the maker may have precluded himself by his conduct, active or passive, from asserting the defense. Here the claimed representations were made at the time the paint was sold, and everything Sparrow claims now as deceit and misrepresentation was learned long before he executed the note sued on. Where the maker of a note renews the same with knowledge of material facts or with knowledge of fraud and deceit in its procurement, he is deemed to have waived the defense and is estopped to set it up to defeat recovery on the renewal note. Crutchfield v. Robinson, 208 Ky. 354, 270 S.W. 775; Fletcher American Co. v. Culbertson, 215 Ky. 695, 286 S.W. 984; Bevins v. Jefferson Standard Life Insurance Co., 257 Ky. 82, 77 S.W.2d 382; Holmes v. Clark, 274 Ky. 349, 118 S.W.2d 758.

We are of opinion, therefore, that the trial court should have directed a verdict for the plaintiff.

The judgment is reversed.